**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald Lee McDANIEL, Defendant-Appellant.**

**No. 28963**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 15, 1970.

---

**814**

he was "frightened and confused" when the guilty plea was made.

The defendant correctly states that the prerequisite of "manifest injustice" imposed by Rule 32(d) Fed.R.Cr. P. applies only to withdrawing a plea after sentence. But, as defendant acknowledges, withdrawal of a plea before sentencing is in the discretion of the trial court. Nothing that occurred in this case even remotely approached an abuse of discretion. Before accepting the plea the trial judge ascertained with the most meticulous and painstaking care that it was voluntarily entered and that defendant was fully aware of what he was doing. The District Judge complied fully with Rule 11, Fed.R.Cr.P. No contention is made that the plea was invalid, only that in the circumstances of its entry the court was guilty of abuse by not letting the valid plea be later withdrawn. We are unable to find any such abuse in this case.

Affirmed.

---

Peter M. DeManio, Orlando, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The sole question before us is whether the District Judge abused his discretion in denying the motion of defendant to withdraw his plea of guilty entered after an earlier plea of not guilty.[1] The motion was filed some 40 days after defendant entered his guilty plea and two days before he was to be sentenced. The sole ground alleged was that

---

1. Pursuant to our local Rule 18 we decide this case on the briefs and record.