271 A.2d 625.

STATE *vs.* JOHN EDWARD CARILLO.

DECEMBER 14, 1970.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

JOSLIN, J. The question raised by the defendant's bill of exceptions in each of these three cases is whether the Superior Court abused its discretion in refusing to allow the defendant, prior to the imposition of sentence, to withdraw his prior plea of guilty.

On July 28, 1969, defendant, represented by retained

counsel, went to trial on an indictment charging him with unlawfully carrying a firearm, to wit, a revolver, in a motor vehicle in violation of G. L. 1956, §11-47-8, as amended by P. L. 1968, chap. 183, sec. 3. He moved to suppress the revolver as evidence which had been illegally obtained. When that motion was denied, he asked leave to withdraw his not guilty plea and to plead guilty. That request was accompanied by a further application for permission to substitute a guilty plea for a not guilty plea on each of two other indictments. One indictment charged him with possession and control of a firearm, to wit, a pistol, after a previous conviction of a crime of violence in violation of §11-47-5, as amended by P. L. 1968, chap. 183, sec. 2; the other charged him with unlawful possession of a barbiturate in violation of §21-29-3 (1968 Reenactment).

Prior to acting on the motions for withdrawal, the trial justice carefully and painstakingly questioned defendant and his counsel in order to ascertain whether defendant was acting voluntarily and with the advice of counsel, whether he was fully aware of the nature and consequences of a guilty plea and knew the maximum sentences for the offenses charged, and whether he was knowingly confessing his guilt and waiving certain constitutional rights. Then, satisfied that defendant was fully informed and advised on these matters and that he was acting voluntarily and intelligently, the trial justice allowed defendant to substitute a guilty plea for his prior plea of not guilty on each indictment, and continued the cases until September 16, 1969 for sentencing.

When the day for sentencing arrived, defendant, still represented by retained counsel, moved in each case to withdraw his substituted plea of guilty and to reinstate his earlier plea of not guilty. In effect, he attempted to undo what had been done in July. To support this re-

versal of position he presented a written statement from an inmate at the Adult Correctional Institutions. It reads:

"8-23-69

The afternoon of Oct 1, about 1 P.M. I picked up one 1960 Mercury blue 4 dr. belonging to John Carillo, at 25 Ring St. I agreed to have the tie rods fixs [sic] on auto, for which I am in the auto business. I returned auto about 5 P.M. same day, upon delievering [sic] back to 25 Ring St to John Carillo, I forgot to take back my belongings, which I had placed under the front seat earlier that afternoon. These possessions consist of 2 Revolvers in a plastic bag, put into a paper bag. They were in detail a 32 nickel plated hand gun with shells in a box, and a 38 nickel plated hand gun, with spent shells in the cylinder. I swear to be telling a true statement of facts under no treats [sic] or promises to me.

Charles R. Pugliese
10 Mello St.
W. War. R. I."

The trial justice was not impressed by the Pugliese statement, or by defense counsel, who, in an apparent attempt to overcome any objection as to the timeliness of the motion, argued that the statement might not have been available at the time of the July plea retractions. Neither was he influenced by defendant, who, on allocution, informed him of Pugliese's willingness "* * * to come down and testify under oath that those were his guns, he put them in the car. That doesn't take a trial, just a hearing to indicate me."

What was crucial in the trial justice's view was that defendant was predicating his request upon

"* * * a letter not addressed to anyone, signed, not sworn to, but signed by one Charles Pugliese, an admitted narcotic addict, who is serving a term at the prison of eight years. On the basis of this letter you expect the Court to set aside the plea of guilty and reinstate the cases for trial? I am not going to do it."

Accordingly, he denied the motion in each case, and imposed concurrent sentences of five and nine years on the two firearms charges. On the narcotic charge defendant received a two-year suspended sentence, and was placed on probation for a period of two years. These bills of exceptions followed.

In this court, notwithstanding our advice and urging to the contrary, defendant appeared without counsel and argued his own case. Although not clearly articulated, the thrust of his argument was that the trial justice, once advised of Pugliese's admissions and in order to prevent manifest injustice, should have allowed plea withdrawals.

Under our rule the withdrawal of a guilty or nolo plea prior to the imposition of sentence is not an absolute right, but lies within the judicial discretion of the trial court. That discretion "* * * should be exercised with some liberality to prevent a subversion of justice when a defendant has made a showing that some reasonable doubt exists as to his guilt." *Lemme* v. *Langlois,* 104 R. I. 352, 359, 244 A.2d 271, 275.

Our rule is consonant with that prevailing in the federal courts where, under the broad dictum of the United States Supreme Court in *Kercheval* v. *United States,* 274 U. S. 220, 224, 47 S. Ct. 582, 583, 71 L. Ed. 1009, 1012, substitution of a plea of not guilty must be permitted "* * * if for any reason the granting of the privilege seems fair and just." See *Everett* v. *United States,* 336 F.2d 979, (D. C. Cir. 1964); *Gearhart* v. *United States,* 272 F.2d 499, (D. C. Cir. 1959). And the federal rule, like ours, requires that leave to withdraw a guilty plea prior to sentencing should be freely allowed. *Poole* v. *United States,* 250 F.2d 396, 400 (D. C. Cir. 1957).

Here defendant attempted to bring himself within our rule by offering a statement in which Pugliese said that it was he, and not defendant, who was responsible for

the firearms being found in defendant's motor vehicle. That admission went to the very heart of two of the indictments. If testified to at trial and believed, what Pugliese had to say might absolve defendant from guilt in the firearms cases. Once Pugliese's statement was offered, the issue for the trial justice was not to decide the merits of the proffered defense, or to determine defendant's guilt or innocence. *Gearhart* v. *United States, supra.* Those were jury issues. The only question for the trial justice was whether or not defendant had satisfied his burden of raising a reasonable doubt as to his guilt. No factual hearing was necessary to resolve that issue, at least in the absence of a claim by the state that defendant's defense was patently frivolous. *Gearhart* v. *United States, supra,* at 503.

Pugliese's statement spoke for itself. For the trial justice to reject it because of doubts as to its credibility was to invade the jury's province; to repudiate it because of suspicions as to its authenticity, and at the same time to deny defendant's request, that he be permitted to produce Pugliese as a witness, was to refuse defendant the opportunity to meet the burden which in *Lemme* we said was his.

In the cirumstances it can hardly be said that defendant failed to meet his burden of offering evidence tending to establish a reasonable doubt as to his guilt; and, absent anything in the record indicating that defendant's delay in uncovering the Pugliese statement unduly prejudiced the state's ability to prosecute, the trial justice did not have "a fair and just reason" for refusing defendant permission to withdraw his guilty pleas in the firearms cases. See *United States* v. *Stayton,* 408 F.2d 559, 561-62 (3d Cir. 1969).

We are very aware of the problems faced by trial justices who must frequently rule on requests for permission

to retract pleas. Those problems are exemplified by what occurred here. In April 1969 upon arraignment and again in July 1969 at the commencement of trial defendant pleaded not guilty. A jury was impanelled, and almost two days of trial elapsed before defendant, after his motion to suppress was denied, decided to plead guilty to the indictment on which he was then being tried as well as to two other indictments then pending against him. As part of the interrogation which preceded the acceptance of those pleas, the trial justice warned defendant that in changing his plea to guilty he was "doing it once and for all," and that he would not be able to "* * * decide a week or two from now that you want to start all over again and have a jury trial on this case." Notwithstanding those admonitions, defendant, in September just prior to imposition of sentence, did what he had previously been warned would not be countenanced. Faced with that situation the trial justice must have been concerned, and properly so, that to permit defendant to engage in that kind of tactic might, as was observed in *Everett* v. *United States, supra,*

> "* * * encourage accused persons to 'play games' with the courts at the expense of already overburdened calendars and the rights of other accused persons awaiting trial, whose cases may lose both their position on the calendar and the [c]ourt's time and facilities which are thus diverted for no useful purpose." 336 F.2d at 984.

While we do not intend to encourage the "playing of games," we do believe, after considering all of the factors present here, that justice will best be served if defendant be allowed to retract his pleas in the firearm cases. This will not necessarily allow him to go free. He will still be required to stand trial, and if at trial the fact finders reject his defense, he will again be sentenced.

For the obvious reason that defendant's proffered de-

fense in no way casts any doubt on his guilt on the indictment charging unlawful possession of a barbiturate, we do not fault the trial justice in that case.

On this record it was an abuse of discretion for the trial justice not to permit defendant to withdraw his plea of guilty to the indictments charging him with (1) unlawful possession of a firearm after conviction of a crime of violence and (2) unlawfully carrying a firearm. In each of those cases the defendant's exception to the refusal of the trial justice to permit a withdrawal of a plea of guilty is sustained, and his other exceptions, not having been briefed or argued, are deemed to have been waived and are overruled. Each of those cases is remitted to the Superior Court with direction to allow the defendant to withdraw the plea of guilty and to enter a plea of not guilty, and to conduct such further proceedings as may be appropriate. In the case charging unlawful possession of barbiturates the defendant's exceptions are overruled, and the case is remitted to the Superior Court for further proceedings.

Motion to reargue denied.

POWERS, J., did not participate.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*John Edward Carillo,* defendant, pro se.