294 A.2d 187.

STATE *vs.* RONALD JAMES CARROLL.

AUGUST 21, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. The defendant was arraigned on an indictment charging him with rape and pleaded not guilty. He was released on bail and, in due course, the case was assigned for trial to October 27, 1970.

On that date with the prosecutrix and all of the state's witnesses present and ready for trial, counsel for the defendant informed the Superior Court justice, before whom the case was to be tried, that his client desired to retract his plea of not guilty and plead nolo contendere. In furtherance of this request, counsel informed the Superior Court justice that he had advised defendant that a plea of nolo was equivalent to an admission of guilt; that in pleading nolo, defendant was giving up his right to have the question of guilt considered by a jury; that if the question were tried to a jury the state would have to prove defendant's guilt beyond a reasonable doubt, and that if the court accepted the nolo plea and imposed sentence, there could be no appeal from that sentence. He further informed the court that he had advised defendant that the minimum sentence for rape was ten years.

Notwithstanding counsel's statements made in the presence of defendant, the Superior Court justice, following the rule promulgated by this court in *Bishop* v. *Langlois,* 106 R. I. 56, 256 A.2d 20 (1969), made exhaustive inquiry of defendant. He emphasized that he would not permit defendant to change his plea unless the latter was freely and voluntarily admitting guilt. He also informed defendant that rape was an "example crime" so-called, which did not lend itself to leniency. This was so, the Superior Court justice explained, in order that others be deterred from committing the same offense.

Not content with what practically amounted to an attempt at persuading defendant not to change his plea, the Superior Court justice, stressing the heavy burden on the state should defendant go to trial, again asked defend-

ant if he fully understood that, in pleading nolo contendere, he was admitting his guilt, and subjecting himself to the imposition of a jail sentence of not less than 10 years from which there could be no appeal. As to each such inquiry, defendant repeatedly replied that he understood but still desired to change his plea. Satisfied that defendant was making a voluntary decision with full knowledge of the consequences, the Superior Court justice permitted defendant to retract his plea of not guilty and accepted his plea of nolo contendere.

The case was then continued for sentence, and defendant was permitted to remain at liberty pending receipt of a pre-sentence report which was ordered for a hearing, assigned to December 4, 1970.

However, defendant meanwhile had second thoughts. On December 9, 1970, he filed a motion praying that he be permitted to retract his nolo plea and reinstate his plea of not guilty. This motion was heard by the same Superior Court justice on December 11, 1970. At that time, defendant informed the Superior Court justice that he had changed his plea from not guilty to nolo because he was confused. He related to the court that because of marital difficulties and the threatened failure of his business, he was so emotionally disturbed that he was "frightened," "very mixed up" and "just wanted to get it over with."

He further testified that this was so even though he knew he was innocent but, in his confused state, believed that the prosecutrix would "convince people that I was guilty." Thereafter, however, defendant testified, his brother came to see him, helped to clear his mind, and thus brought him to realize that he should not admit being guilty to an offense that he had not committed.

The defendant's brother testified in corroboration. He related how, on hearing of defendant's plight, he gave up

his work in Utah to return to Rhode Island and, as it were, bring defendant to his senses. He testified, as did defendant, that, at first, the latter did not seem to comprehend what he had done but eventually was made to see that the course he was pursuing was not rational.

The Superior Court justice stated categorically that he did not believe defendant's reasons for having second thoughts. He reviewed the transcript of the October 27, 1970 hearing and, point by point, stated the reasons why defendant's present testimony was simply not credible.

Even so, the Superior Court justice then proceeded to give defendant an opportunity to offer some statement of fact which, if believed, would tend to cast doubt on his guilt. He made clear, the record establishes, that if any such statement were forthcoming, he would be inclined to grant defendant's motion. The defendant, however, chose to offer nothing more than the conclusionary statement that he was not guilty. Indeed, the hearing on defendant's motion ended with the following exchange:

"The Court: Do you care to say anything, Mr. Carroll?"
"Defendant Carroll: I'm not guilty. I feel as though I'm being put away for something I really didn't do."
"The Court: Is that all you care to say?"
"Defendant Carroll: Yes, sir."

The pre-sentence report having been received, the Superior Court justice denied defendant's motion and imposed the minimum sentence of ten years. From the decision, defendant seasonably prosecuted a bill of exceptions, the sole exception pressed being that taken to the denial of his motion to vacate the plea of nolo contendere.

It is settled that a motion to retract a guilty or nolo plea is addressed to the sound discretion of the justice presiding. *Lemme* v. *Langlois*, 104 R. I. 352, 244 A.2d 271 (1968). The defendant acknowledges such to be the rule

but argues that on the facts of the instant case, the decision of the Superior Court justice was an abuse of that discretion, citing *State* v. *Carillo,* 108 R. I. 8, 271 A.2d 625 (1970). There this court held that where the defendant, movant, proffers evidence which, if believed, would cast doubt on the question of guilt, it is an abuse of discretion for the court to refuse to permit reinstatement of the not guilty plea.

We agree with defendant's reading of *State* v. *Carillo, supra,* but do not perceive that this is of any assistance to him. In *Carillo,* we followed the rule laid down in *Kercheval* v. *United States,* 274 U. S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), wherein it was held that a motion to substitute a plea of not guilty for an earlier plea of guilty or nolo must be permitted if for any reason the granting of the privilege seems fair and just. The reason thus referred to goes to either of two questions. These are: did the accused fully understand the consequences of his earlier plea and, if he did, is he now offering to adduce evidence at trial which, if believed, would tend to cast doubt on his guilt?

In the case at bar, the Superior Court justice passed on both such questions. He flatly rejected defendant's testimony and the proffered corroboration of the latter's brother that, at the time defendant pleaded nolo, he did not fully understand what he was doing. From our examination of the transcript, we are left with no doubt as to the correctness of the Superior Court justice's belief that defendant was fully aware of what he was doing.

As to the second question, defendant not only failed to offer some factual circumstance which could be considered by a jury, but declined to do so when afforded the opportunity.

On the record before us then, we conclude that there is nothing remotely suggesting that the challenged decision

represents an abuse of discretion. *United States* v. *Valdez,* 450 F.2d 1145 (5th Cir. 1971) and *United States* v. *McDaniel,* 425 F.2d 813 (5th Cir. 1970).

The defendant's exception is overruled, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Anthony E. Grilli, Paul J. DiMaio,* for defendant.