318 A.2d 460.

STATE *vs.* ANTHONY J. SFAMENI.

MAY 3, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. The defendant was arraigned on an indictment charging him with receiving stolen goods and pleaded not guilty. He was released on bail and on May 9, 1972, after his motion to suppress certain evidence was denied, the defendant retracted his not guilty plea and entered a plea of nolo contendere to the indictment and to three other charges.[1]

The Superior Court justice before whom defendant appeared, apparently following the rule laid down by this court in *Bishop* v. *Langlois*, 106 R. I. 56, 256 A.2d 20 (1969), made an extensive inquiry of defendant regarding his request to enter nolo pleas. The Superior Court justice explained that in entering a plea of nolo contendere, defendant was giving up his right to a trial and that a plea of nolo contendere is the same as a plea of guilty. The Superior Court justice further explained that the maximum sentence on the charge of receiving stolen goods was five years and that on one of the other charges, that of assault with a dangerous weapon, the maximum sentence was ten years. He advised defendant that on the charge of receiving stolen goods he would receive a maximum sentence of 18 months or possibly one year, depending on the pre-sentence report which was to be received before sentence was imposed. He told defendant that he would defer sentence on the charge of assault with a dangerous weapon, which would mean probation for five years after he served his sentence imposed on the charge of receiving stolen goods.

The record indicates that following the series of questions and answers, the court proceeded to hear another matter, during which time defendant conferred with counsel. It

[1] The other three charges were:
1. Assault with a dangerous weapon
2. Embezzlement
3. Assault

further appears that counsel thereupon requested that defendant be allowed to withdraw his nolo pleas to the other three cases and that his plea of nolo to the charge of receiving stolen goods be allowed to stand. The court thereupon allowed the nolo plea to be withdrawn as to the other three charges and the pleas of not guilty be reinstated. In reply to further questioning by the court defendant stated that he understood that by entering a plea of nolo to the charge of receiving stolen goods he was assured of a maximum sentence of 18 months. The Superior Court justice thereupon stated that he was satisfied that defendant was making a voluntary decision with knowledge of the consequences thereof, and permitted defendant to retract his not guilty plea, and accepted his plea of nolo contendere as to the charge of receiving stolen goods. The case was continued for sentence, and defendant was permitted to remain at liberty on bail, pending receipt of a presentence report which was ordered for a hearing and assigned to June 14, 1972.

Thereafter, on May 17, 1972, defendant filed a motion praying that he be allowed to retract his nolo plea and reinstate his plea of not guilty. This motion was heard on May 22, 1972, by the same Superior Court justice before whom defendant had entered his nolo plea on May 9, 1972.

On that date, May 22, defendant informed the court that he had changed his plea from not guilty to nolo on May 9, because he was confused. He related that he had not understood that he would receive a jail sentence, but rather had believed he would receive a suspended sentence. He further stated that he was guilty by reason of being in the yard where stolen goods were found, but that he was not guilty of receiving. He further related that his grandmother had deceased and that his main interest on May 9, 1972, was to get out of court and comfort his mother, who was grieving because of the grandmother's demise.

The Superior Court justice denied defendant's motion to retract his pleas, stating that he was convinced that defendant understood what he was doing on May 9, 1972, when he entered his nolo plea. The defendant has appealed to this court the denial by the trial justice of his motion to retract his plea of nolo contendere and to reinstate his plea of not guilty.

It is well settled that a motion to retract a nolo plea is addressed to the sound discretion of the trial justice. *Lemme v. Langlois,* 104 R. I. 352, 244 A.2d 271 (1968). That discretion should be exercised with some liberality to prevent a subversion of justice when a defendant has made a showing that some reasonable doubt exists as to his guilt. *State v. Carillo,* 108 R. I. 8, 271 A.2d 625 (1970), *Lemme v. Langlois, supra.*

The defendant acknowledges the rule as set forth in *Lemme* and *Carrillo* but directs our attention to *State v. Carroll,* 110 R. I. 532, 294 A.2d 187 (1972), wherein this court established the criteria to be followed in permitting the withdrawal of a plea of guilty or nolo and the substitution of a plea of not guilty. The criteria are: did the accused fully understand the consequences of his earlier plea, and, if he did, is he now offering to adduce evidence at trial, which, if believed, would tend to cast doubt on his guilt?

Here, defendant argues that he did not fully understand what he was doing when he pleaded nolo. The defendant states that he believed that he was to receive a suspended sentence rather than a jail sentence, and further that he was interested in getting out of court quickly in order to be of some comfort to his mother whose own mother had just deceased. The Superior Court justice stated flatly that he was satisfied that defendant understood the meaning and the consequences of a nolo plea.

From our reading of the transcript, we cannot say that the Superior Court justice was incorrect when he rejected

defendant's statement that he was not fully aware of what he was doing, especially since the record shows that the court, after interrogating defendant, considered another matter during which time defendant and his counsel conferred. We note that after conferring with his counsel, defendant requested and obtained permission to withdraw his nolo plea as to each of the other three cases which the court had earlier considered. The defendant thereupon advised the court that he understood the nolo plea and the consequences thereof as to the charge of receiving stolen goods. It was only then that the court accepted defendant's nolo plea.

As to the second question, there is nothing in the record to indicate that the defendant offered any factual evidence which would cast doubt on his guilt. All that was offered was his statement that he was not guilty, which cannot be said to satisfy the requirement of establishing doubt as to guilt. It is abundantly clear from the record that the Superior Court justice did not abuse his discretion in denying defendant's motion to retract his plea of nolo contendere and to substitute therefor a plea of not guilty.

The defendant's appeal is denied and dismissed and the case is remitted to the Superior Court.

Mr. Chief Justice Roberts did not participate.

*Richard J. Israel,* Ataorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon, Jr.,* Special Asst. Attorney General, for plaintiff.

*Bevilacqua & Cicilline,* for defendant.