348 A.2d 366.

STATE *vs.* FREDERICK OUIMETTE.

DECEMBER 5, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case is here on the defendant's appeal from an order entered by a justice of the Superior Court denying his "Motion for New Trial and/or Post Conviction Relief."[1]

The record discloses that on June 19, 1970, a Superior Court jury found defendant, Frederick Ouimette, and a codefendant, Ronald H. Sweet, Jr., guilty of a charge of murder. After the denial of his motion for a new trial

---

[1]This motion was filed pursuant to Super. R. Crim. P. 33. However, as we shall point out *infra*, we treat it as an application for post-conviction relief under G. L. 1956 (1969 Reenactment) §10-9.1-1(a)(4).

on the usual grounds that the verdict was against the law and evidence, defendant was sentenced to life imprisonment at the Adult Correctional Institutions. His conviction was affirmed by this court in December 1972. *State* v. *Ouimette,* 110 R. I. 747, 298 A.2d 124 (1972).

On March 8, 1973, and April 23, 1973, codefendant Ronald H. Sweet, Jr., executed under oath affidavits purporting to exonerate defendant. Thereafter, on April 24, 1973, defendant filed a "Motion for a New Trial and/or Post Conviction Relief" in the Superior Court, a procedure he claims is permitted by Super. R. Crim. P. 33. After setting forth the travel of this case, defendant, in his motion, alleged that codefendant Ronald H. Sweet, Jr., had made an affidavit exonerating defendant of the alleged crime and accepting for himself full responsibility for the same. The affidavit is attached to the motion. The defendant requested an evidentiary hearing to establish the truth of the facts contained in his motion.

On November 30, 1973, an evidentiary hearing on the motion was held before the justice who presided at the original trial of this indictment. At the evidentiary hearing on the present motion, codefendant Sweet testified that defendant was driving the car in which he was the passenger at the time when he, Sweet, shot and killed the deceased, Michael Green. He denied that defendant knew either that he was carrying a gun or that he would shoot the deceased. The defendant testified similarly, recanting the testimony he had given at the original trial and admitting that he gave testimony during the course of the trial which was completely different from the testimony he was giving at the evidentiary hearing on the present motion.

The trial justice rejected as unworthy of belief the testimony of the two witnesses and accordingly denied de-

fendant's motion. In commenting on their testimony, he said, in part:

"* * * I reject as unworthy of belief—absolutely unworthy of belief—today's testimony by Ronald Sweet that Mr. Ouimette didn't know the purpose of this tail job that they did on Michael Green from the gas station to Althea Street, and I reject as unworthy of belief, Frederick Ouimette's testimony that he didn't know the purpose of the trip or that Sweet was armed."

In challenging the correctness of the trial justice's ruling, defendant argues that his motion is directed to the sound discretion of the trial justice and that in exercising such discretion in the case at bar the trial justice should be guided by the criteria applied in certain cases cited by him dealing with retraction of pleas. The defendant contends that in failing to follow the test set forth in these cases the trial justice was guilty of an abuse of discretion. We do not agree with defendant's argument and for the reasons that follow affirm the order appealed from.

We note at the outset that the cases cited by defendant are not germane to the question raised in this appeal. Those cases deal solely with the test to be applied when a defendant seeks to retract a guilty plea or a nolo plea. *State* v. *Sfameni,* 113 R. I. 150, 318 A.2d 460 (1974); *State* v. *Carroll,* 110 R. I. 532, 294 A.2d 187 (1972); *State* v. *Carillo,* 108 R. I. 8, 271 A.2d 625 (1970); *Lemme* v. *Langlois,* 104 R. I. 352, 244 A.2d 271 (1968).

The state questions the timeliness of the filing of defendant's motion under Rule 33. On this record we do not deem it necessary to consider or decide that question. Instead we shall treat this matter as an application for post-conviction relief under G. L. 1956 (1969 Reenactment) §10-9.1-1(a)(4) which provides for procedures whereby relief, such as that sought by defendant, may be

attained.[2] Further, in order to dispose of this matter, we shall assume, without deciding, that the testimony presented by defendant constituted newly discovered evidence within the meaning of §10-9.1-1(a)(4). The question remains how the trial justice is to treat this evidence. Should the trial justice pass on the question of credibility himself or must he, as defendant suggests, leave the determination of credibility to a jury?

The answer to this question is found in *State* v. *Lewis,* 115 R. I. 217, 341 A.2d 744 (1975), and *State* v. *Carsetti,* 111 R. I. 642, 306 A.2d 166 (1973). *Carsetti* also involved a motion for a new trial on the basis of a post-trial confession of a codefendant. In considering the question of the trial justice's duty in passing on evidence presented at the evidentiary hearing in that case, we said:

> "Since we have assumed that D'Amico's affidavits qualified as newly discovered evidence, we are faced with the question of the duty of the trial justice in passing on such evidence. The answer is obvious. He must then decide if it is credible enough to warrant a new trial. In doing this he must follow the rules set down in our cases governing the duty of a trial justice in passing on a motion for a new trial. It is for the trial justice, in passing on a motion for a new trial, to exercise his independent judgment as to the credibility of the witnesses and the weight to be given to their testimony." *Id.* at 652, 306 A.2d at 171-72.

---

[2]General Laws 1956 (1969 Reenactment) §10-9.1-1(a)(4) reads, in pertinent part, as follows:

"Any person who has been convicted of, or sentenced for, a crime * * * and who claims:
* * *

"(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
* * *

may institute, without paying a filing fee, a proceeding under this chapter to secure relief."

480

*State* v. *Carsetti, supra,* is controlling here.

In *State* v. *Lewis, supra,* we reaffirmed our ruling in *Carsetti* and we also rejected a contention, similar to defendant's argument in the case at bar, that the question of credibility was for the jury to assess. *Id.* at 231-32, 341 A.2d at 751-52.

Under our decisions the trial justice's denial of the defendant's motion cannot be disturbed by us unless it is shown either that the findings on which it is based are clearly wrong or that in reviewing the evidence the trial justice overlooked or misconceived material evidence which was controlling on this issue. The burden was on the defendant to establish these factors. *State* v. *Carsetti, supra* at 652-53, 306 A.2d at 172. He has failed to do so and therefore we affirm.

The defendant's appeal is denied and dismissed and the cause is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Julius C. Michaelson,* Attorney General, *William Granfield Brody,* Special Asst. Attorney General, for plaintiff.

*John F. Sheehan,* for defendant.