STATE

v.

Kenneth LANCELLOTTI, Jr.

No. 94–471–C.A.

Supreme Court of Rhode Island.

March 9, 1995.

Andrea Mendes, Aaron Weisman, Providence.

Judith Scott, Cranston.

## ORDER

This case came before the court for oral argument February 24, 1995 pursuant to an order that had directed defendant to appear and show cause why his appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The defendant appeals from an order of the Superior Court denying his motion to vacate a plea of nolo contendere to one count of an indictment which had charged him with conspiring to deliver cocaine.

The defendant appeared before a justice of the Superior Court on September 24, 1992 and pled nolo contendere to count XX of the indictment. The plea was accepted after the trial justice had engaged in a colloquy with the defendant and determined that the plea was entered intelligently and voluntarily. The defendant was asked by the trial justice if there were any other promises made to him than those which appeared of record and set forth in the plea form which the defendant had executed prior to his appearance before the court. The defendant answered that there were no other promises.

In the fall of 1993, defendant moved to vacate his plea on the ground that he had been promised by the representative of the Attorney General that he would be allowed to keep his gun license and his constable license in exchange for pleading to the charge. On January 19 and 24, 1994, defendant came before the same trial justice who had accepted his plea. The attorney who had repre-sented the defendant testified that the prosecutor had made a promise that no action would be taken to deprive the defendant of his gun license or his constable license. However, the attorney also testified that the plea forms filed by the defendant contained no indication of such a promise and that neither he nor the defendant had advised the Superior Court justice of such a promise or agreement.

The attorney who had appeared on behalf of the state testified that there was no agreement concerning the gun license or the constable license and that the only agreement made with the defendant was that a deferred sentence would be recommended. The trial justice found as a fact that no such additional promise had been made and that when the defendant had said there were no other promises this was the truth. The justice then found that the plea was "freely, voluntarily, and intelligently entered into" and denied the motion to vacate the plea.

We are of the opinion that the trial justice did not abuse his discretion in declining to vacate the plea previously entered and that the evidence was overwhelming based upon the colloquy at the time of the taking of the plea and the plea form signed by the defendant that no other promises had been made. Consequently the trial justice did not err in declining to vacate the plea pursuant to the principles enunciated in State v. Figueroa, 639 A.2d 495 (R.I.1994); State v. Carroll, 110 R.I. 532, 294 A.2d 187 (1972). In light of the voluntary nature of the plea, it was unnecessary for the trial justice to address claims of the constitutionality of the statute relating to the charge of conspiracy. The trial justice also found that the state's case was supported by ample evidence as well as the defendant's admission of guilt.

Consequently, the defendant's appeal is denied and dismissed and the order entered by the trial justice is affirmed.