### STATE

v.

### Steven EASON.

### No. 2000–242–C.A.

Supreme Court of Rhode Island.

Dec. 7, 2001.

Aaron L. Weisman, Providence, for Plaintiff.

Judith Crowell, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Steven Eason, has appealed from the denial of his motion to vacate his plea of nolo contendere to three counts of robbery, one count of conspiracy, one count of illegal possession of a firearm, and two counts of assault with a dangerous weapon. The case came before the Supreme Court for oral argument on November 5, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having considered the oral arguments of counsel and having reviewed the record and memoranda of the parties, we conclude that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

In January 1998, defendant was charged in a ten-count indictment arising from three armed robberies in Providence and Warren. In February 1998, John Lovoy (Lovoy), an assistant public defender, was assigned to represent defendant. Thereafter, in October 1998, defendant filed a *pro se* motion to release his counsel. At a hearing on the motion, defendant expressed dissatisfaction with Lovoy's representation, and defendant's request for the appointment of substitute counsel from the public defender's office was denied. However, the hearing justice advised defendant that he was entitled to be represented by an attorney and that he either could continue with Lovoy as his appointed attorney, hire private counsel, or represent himself. The case was scheduled for trial in January 1999, and Lovoy continued to represent defendant.

The case, continued on several occasions thereafter, was eventually reached for trial on April 27, 1999. In the interim, plea negotiations continued between the state and defendant, during which defendant was offered various plea agreements, all of which he declined to accept. When defendant appeared for trial on April 27, 1999, he once again expressed his dissatisfaction with Lovoy's performance. The trial justice advised defendant that because he had been informed in October 1998 of his right to retain private counsel and had failed to do so, he could either represent himself at trial, proceed to trial with Lovoy as his counsel, or accept the state's offer to plead. The defendant then entered a plea of nolo contendere to seven counts of the indictment. Before accepting defendant's

plea, the trial justice engaged in a lengthy colloquy with defendant to determine whether the plea was made voluntarily, knowingly, and intelligently. The justice also informed defendant of the constitutional rights he was forfeiting by accepting the plea; defendant responded that he understood each and every question that was asked of him.

On August 4, 1999, prior to his sentencing, defendant filed a *pro se* motion to withdraw his plea. During the sentencing proceeding on September 10, 1999, defendant argued that, having twice tried to remove Lovoy, his plea should be vacated because he was "without proper counsel" at the time he entered the plea, and therefore he was essentially "forced" to go to trial *pro se* that day or accept the plea. The defendant's motion was denied, and a sentence of forty years, with eighteen years to serve, twenty-two years suspended and twenty-two years probation was imposed on the robbery charges, along with a concurrent sentence of ten years to serve on the remaining charges. This appeal followed.

On appeal, defendant argued that the trial justice erred in refusing to vacate his plea because: (1) under the circumstances, the plea was not knowing, voluntary, and intelligent; (2) the refusal to vacate the plea violated defendant's Sixth Amendment right to represent himself; and (3) the trial justice's failure to inquire whether defendant waived his right to counsel before arguing his *pro se* motion to vacate his plea violated defendant's Sixth Amendment right to the assistance of counsel.

We have consistently held that "a motion to withdraw such a plea of nolo contendere is addressed to the sound judicial discretion of the court and that a decision of the court thereon will not be disturbed by this court unless there is a clear abuse of discretion." *Lemme v. Langlois,* 104

R.I. 352, 358, 244 A.2d 271, 274 (1968); *see also State v. Carroll,* 110 R.I. 532, 535, 294 A.2d 187, 189 (1972). A defendant seeking to withdraw a plea "bear[s] the burden of proving by a preponderance of the evidence that [he or she] did not intelligently and understandingly waive [his or her] rights." *State v. Figueroa,* 639 A.2d 495, 498 (R.I.1994). In addition, when a defendant "raises a question of reasonable doubt as to his [or her] guilt, * * * denial of the motion to retract the plea will amount to an abuse of discretion." *Lemme,* 104 R.I. at 359, 244 A.2d at 275.

◼ In the instant case, defendant has not offered any evidence that he did not intelligently and understandingly waive his rights. To the contrary, the record of the plea colloquy suggests that defendant's decision to plead was voluntary and that defendant fully understood the consequences of his actions. In denying the motion to withdraw, the trial justice stated, "A review of the record of your plea that day will indicate that you made a knowing, willing and intelligent waiver of all of your rights." In addition, defendant presented no evidence that "if believed, would tend to cast doubt on his guilt." *Carroll,* 110 R.I. at 536, 294 A.2d at 189. In short, we find no basis in the record to conclude that the trial justice abused his discretion in denying the withdrawal motion.

◼ The defendant's contention that the denial of his motion to withdraw his plea violated his right to self-representation under the Sixth Amendment to the United States Constitution is also without merit. This Court has recognized that a defendant in a criminal case has a constitutional right to proceed *pro se. State v. Kennedy,* 586 A.2d 1089, 1091–92 (R.I. 1991); *see also Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562, 566 (1975). A defendant's

invocation of the right must be clear and unequivocal. *Cf. Kennedy,* 586 A.2d at 1092 (holding that the trial justice erred in not allowing the defendant to proceed *pro se* where "defendant unequivocally asserted his right to proceed *pro se* prior to the start of trial"). In his prebriefing statement before this Court, defendant conceded that "he was advised on multiple occasions of his right to represent himself * * * and that *he declined to do so* up until the time that he argued his motion to vacate his plea." (Emphasis added.) At no point did the trial justice "categorically silence[ ] further inquiry by defendant [or render] futile any future attempt by him to request self-representation." *State v. Gatone,* 698 A.2d 230, 241 (R.I.1997). Under these circumstances, we conclude that defendant's Sixth Amendment right to self-representation was not violated.

 We now turn to defendant's contention that the trial justice erred by failing to inquire whether defendant waived his Sixth Amendment right to counsel before defendant argued his *pro se* motion to vacate his plea. We agree with defendant that a plea withdrawal hearing is a "critical stage" in a criminal proceeding to which the Sixth Amendment right to counsel attaches. *See United States v. Sanchez–Barreto,* 93 F.3d 17, 20, (1st Cir.1996); *United States v. Crowley,* 529 F.2d 1066, 1069 (3d Cir.), *cert. denied,* 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976). However, because we conclude that defendant was represented by counsel at his plea withdrawal hearing, an inquiry to determine whether he waived his right to counsel is unnecessary.

At the time the plea withdrawal motion was heard, Lovoy had been representing the defendant continuously as his appointed counsel for more than a year and a half. Significantly, the record contains no formal order discharging Lovoy as counsel. Although it appears that the defendant argued the plea withdrawal motion himself, Lovoy was present at all times during the hearing and proceeded to argue vigorously on the defendant's behalf during the sentencing that immediately *followed* the hearing on the defendant's motion. Under these circumstances, we conclude that the defendant was represented by Lovoy at the plea withdrawal hearing. Therefore, no inquiry was required to determine whether the defendant waived his right to counsel.

In sum, we are of the opinion that the trial justice did not abuse his discretion in denying the defendant's motion to withdraw his plea, and such denial did not deprive the defendant of his Sixth Amendment rights. We therefore summarily deny and dismiss the defendant's appeal, and we affirm the judgment of the Superior Court, to which we return the papers in the case.