### John FALCONE

v.

### STATE of Rhode Island.

### No. 2004–207–Appeal.

Supreme Court of Rhode Island.

April 12, 2005.

---

John Falcone, pro se.

Virginia McGinn, Providence, for Defendant.

## O R D E R

This matter came before the Court for oral argument on March 9, 2005, pursuant to an order directing all parties to appear in order to show cause why the issues raised on this appeal should not summarily be decided. After hearing the arguments and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should summarily be decided. ·

At the outset, we note that this case came before the Court on a *pro se* appeal from a denial of the petitioner's application for post-conviction relief. We have thoroughly examined his somewhat confusing and disjointed written submissions and evaluated his oral argument. It appears to the Court that petitioner's arguments on appeal arise from different stages in the progression of two separate criminal offenses. Without regard for proper appellate procedure, the petitioner incoherently blends and mischaracterizes the issues from separate and distinct charges and proceedings into this one appeal. A brief review of the history of this matter is warranted.

On May 17, 2001, petitioner was charged with possession of marijuana and eluding the police. He was held for want of bail until his arraignment on June 12, 2001. On that date, petitioner entered pleas of *nolo contendere* on each count, and was sentenced to three years with nine months home confinement, two years and three months probation. Thereafter, on January 6, 2003, petitioner was arrested and charged with manufacturing, possession, and delivery of a controlled substance, and one count of controlled substance conspiracy. He initially was presented as a probation violator with respect to the June 12, 2001 conviction on January 13, 2003, but the violation hearing was continued or postponed pending further investigation ten times until it finally was heard on August 6, 2003. On that date, petitioner was declared a violator and sentenced to serve 18 months from the date of his arrest. On April 5, 2004, petitioner filed a motion for postconviction relief from his *nolo* plea of June 12, 2001, with the Superior Court clerk. The court held a full evidentiary hearing on the motion on May 14, 2004, and thereafter denied the petition. A notice of appeal followed.

The petitioner has filed several handwritten documents which appear to allege a number of errors at several different stages in the progression of his journey through the criminal justice system.

These documents, which are nearly impossible to follow, offer numerous arguments. Among these, petitioner appears to challenge: (1) the length of his confinement between his second arrest and probation-violation hearing; (2) the denial of his request for an internal affairs investigation stemming from his January 2003 arrest; and (3) the denial of his request for a preliminary hearing prior to the probation-revocation hearing. Petitioner also seems to allege that the state coerced him into accepting his plea agreement of June 12, 2001, and that the state breached that plea agreement by adding court costs and community service time to his sentence.

We question the posture of several of petitioner's arguments on appeal, and believe that petitioner has jumbled his contentions due to a misunderstanding of proper appellate procedure. However, with respect to what is properly before us—an appeal from a denial of his petition for postconviction relief—we are of the opinion that petitioner has failed to adequately illustrate for this Court's review where and how the hearing justice committed reversible error. We note that Mr. Falcone has failed to provide this Court with a transcript of the Superior Court hearing on that motion. Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure requires an appellant to order and file "a transcript of such parts of the proceedings * * * as the appellant deems necessary for inclusion in the record." "If the appealing party fails to provide a sufficient transcript, the Court cannot perform a meaningful review and has no choice but to uphold the lower court's findings." *Bergquist v. Cesario*, 844 A.2d 100, 105 (R.I.2004). Thus, "[w]e have said on numerous occasions that the 'deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business. Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail.'" *Id.* (quoting *731 Airport Associates, LP v. H & M Realty Associates, LLC*, 799 A.2d 279, 282 (R.I.2002)). Here, petitioner's failure to provide a transcript of the proceedings below in support of his appeal precludes this Court from conducting any meaningful review of the issues raised. Because we are unable to discern in what respect, if any, the hearing justice may have erred in this case, we can assign no merit to any of petitioner's arguments on appeal.

In addition, our review of the record indicates that petitioner's request for an internal affairs investigation appears to stem from his January 2003 arrest. That contention, therefore, has no relevancy whatsoever to his petition for post-conviction relief concerning his unrelated 2001 conviction. It appears to us that petitioner has, in the instant appeal, made arguments which arise from the separate and distinct criminal charges arising out of his January 2003 arrest. It is also apparent that petitioner has confused his presentation as a probation violator following his January 2003 arrest with his subsequent trial for the same underlying misconduct. To the extent that issues pertinent to those separate criminal charges have been appealed herein, they are not properly before us at this time. Accordingly, we affirm the denial of petitioner's motion for post-conviction relief. The papers in this case are remanded to the Superior Court.