**Supreme Court**

No. 2012-201-C.A.

(K2/09-106A)

|  |  |
|---|---|
| State | : |
| v. | : |
| Paul Castriotta. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                              :

v.                              :

Paul Castriotta.                   :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.** The defendant, Paul Castriotta, appeals from an order of the Superior Court that denied his motion to vacate judgment and sentence. On appeal before this Court, Castriotta argues that his plea to criminal charges should be set aside because his attorney did not inform him that the attorney was undergoing a personal struggle while he continued to represent the defendant. On October 29, 2013, this case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised should not summarily be decided. We have considered the record and the written and oral submissions of the parties, conclude that cause has not been shown, and proceed to decide the appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court denying the defendant's motion to vacate his judgment and sentence.

- 1 -

**Facts and Travel**

On July 15, 2008, defendant was alleged to have engaged in second-degree child molestation with three persons under the age of fourteen at Goddard Park in Warwick, in violation of G.L. 1956 § 11-37-8.3. The defendant was accused of touching each of the minors, two of whom were sisters, on their buttocks for the purpose of his sexual gratification. On February 24, 2009, defendant was charged with three counts of second-degree child molestation and one count of driving with a suspended license in violation of G.L. 1956 § 31-11-18. He was arraigned on March 6, 2009, and entered a plea of not guilty. On July 20, 2009, the date that his trial was set to begin, defendant underwent a change of heart and switched his plea to one of nolo contendere on the child-molestation charges. In consideration of defendant's plea, the state dismissed the charge of driving with a suspended license. The trial justice conducted an extensive plea colloquy with defendant, in which he acknowledged the facts alleged by the state and indicated that he understood that once the judge accepted his plea, he would not be able to change or withdraw it. At the conclusion of that colloquy, the trial justice determined that defendant's plea was knowing, voluntary, and intelligent, and he accepted defendant's plea of nolo contendere.[1]

Nonetheless, between the date of his plea and the date set for sentencing, defendant filed a motion to withdraw his plea of nolo contendere. After conducting an extensive hearing, the trial justice denied defendant's motion on December 4, 2009. The trial justice then sentenced defendant to three concurrent sentences of fifteen years at the Adult Correctional Institutions (ACI), with five years to serve, and the balance suspended, with probation. In addition,

---

[1] The trial justice did not sentence defendant on that day; however, there was an agreement between the state, defendant, and the court that pending the receipt of a pre-sentence report, defendant would receive a sentence of no greater than five years to serve.

defendant was required to undergo alcohol and sex-offender counseling, and to register as a sex offender upon his release from the ACI.[2]

On May 18, 2011, Castriotta filed a motion to vacate judgment and sentence. On May 26, 2011, a magistrate of the Superior Court heard the motion and denied it because the "exact same motion had been presented" previously and had been denied. The defendant made a suggestion that there was new evidence to present, but the magistrate said the new evidence was "not presented here, and as a result of there being no extenuating circumstances and furthermore with the sentencing judge having already decided this case, the motion is denied."

**Standard of Review**

"A motion to withdraw a plea 'is addressed to the sound judicial discretion of the court and * * * a decision of the court thereon will not be disturbed by this [C]ourt unless there is a clear abuse of discretion.'" State v. Vashey, 912 A.2d 416, 418 (R.I. 2006) (quoting State v. Eason, 786 A.2d 365, 367 (R.I. 2001)).

**Discussion**

Before we may consider the merits of defendant's appeal, we must first determine if this matter is properly before us. Rule 32(d) of the Superior Court Rules of Criminal Procedure provides that "[a] motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or deferred or probation is imposed or imposition of sentence is suspended." As we have held previously, "[o]nce a defendant has entered a plea of guilty or of nolo contendere and sentence has been imposed, any issue relating to the validity of the plea

---

[2] Although defendant's initial attorney from the public defender's office had coordinated to have a second public defender represent defendant at the sentencing hearing, defendant rejected that attorney and was represented by private counsel at the hearing on December 4, 2009.

must be raised by way of postconviction relief." <u>Vashey</u>, 912 A.2d at 418 (quoting <u>State v. Desir</u>, 766 A.2d 374, 375 (R.I. 2001)).

The record in this case is clear. The defendant filed a motion to withdraw his plea before he was sentenced on December 4, 2009, but he did not appeal the trial justice's denial of that motion. He did not file his second motion, this time styled as a motion to vacate judgment and sentence, until May 18, 2011, eighteen months after sentencing.[3] It is our firm opinion, therefore, that defendant's appeal is not properly before this Court.

Despite the procedural bars to defendant's appeal, we pause to briefly discuss the merits of his arguments. After he had entered his plea, defendant's first attorney informed him that he had an "internal struggle with standing up at a sentencing hearing and minimizing what it was that [defendant] had admitted that he had done * * * ." Evidently, a close relative of defendant's attorney had been the victim of a sexual assault that was similar in nature to the charge to which defendant had pleaded. Castriotta argues on appeal that, as a result, he was not adequately represented because that attorney should have advised him prior to the plea that he had an internal struggle in continuing to represent him. The defendant argues that had he known of this conflict, he would not have entered his nolo contendere plea, and thus, his plea was not voluntarily and intelligently made.

We conclude that this argument, even if properly made, is utterly without merit because the record indicates that the alleged sexual assault on the relative of his counsel did not occur until after the defendant had entered his plea. Castriotta entered his plea on July 20, 2009, and defense counsel unequivocally testified at the initial hearing to withdraw the plea that the incident involving the person close to him did not occur until August 13 or 17, 2009. As counsel

---

[3] According to the parties, defendant filed an application for postconviction relief on November 28, 2011, which is pending in the Superior Court.

said at the motion hearing, "I couldn't tell [the defendant] at the time he plead [sic] out, because it hadn't happened yet." As a result, there appears to be no factual support for the defendant's claim that his attorney's internal struggle should have compelled the court to vacate the judgment and sentencing.

## Conclusion

For the foregoing reasons, we affirm the order in favor of the state. The record shall be remanded to the Superior Court.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     State v. Paul Castriotta.

**CASE NO:**     No. 2012-201-C.A.
                 (K2/09-106A)

**COURT:**     Supreme Court

**DATE OPINION FILED:**  December 17, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**     Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Edwin J. Gale

Magistrate Susan L. Kenny

**ATTORNEYS ON APPEAL:**

For State:  Christopher R. Bush
            Department of Attorney General

For Defendant:  Paul Castriotta, Pro Se