**Supreme Court**
No. 2007-290-C.A.

State                :

v.               :

Byron W. de Weldon.       :

**O R D E R**

On April 19, 2004, the defendant pleaded nolo contendere to third-degree sexual assault and possession of cocaine. On the same day, the defendant received a sentence of five years imprisonment for the sexual-assault count, all of which was suspended, with probation, and a consecutive one-year sentence for possession of cocaine, with thirty days to serve and the remainder suspended.

A little over a year later, on July 5, 2005, defendant filed a motion to vacate his plea. We note that a motion to vacate a plea after a defendant has been sentenced is procedurally improper. See State v. Castriotta, 80 A.3d 854, 855-56 (R.I. 2013). The hearing justice apparently treated the motion as an application for postconviction relief, which she denied in a decision filed on May 18, 2006. A judgment reflecting that denial was entered on June 21, 2006. Although defendant purportedly appeals from that judgment, he did not file a notice of appeal.

On September 4, 2007, defendant filed a handwritten letter in which he wrote that he wished to appeal a ruling that the hearing justice made on August 8, 2007. At that time, no order had been entered memorializing any ruling from that date. On October 28, 2009, however, an order denying defendant's application for postconviction relief was entered nunc pro tunc to

- 1 -

August 8, 2007. Even if that order was the ruling being challenged in this appeal, the notice of appeal of that order was untimely.

The defendant did not appeal the denial of his motion to vacate his plea. Accordingly, we conclude that this matter is not properly before us. See Article I, Rule 3(a) of the Supreme Court Rules of Appellate Procedure; see also State v. Hallenbeck, 878 A.2d 992, 1020 (R.I. 2005) ("'Rule 3(a) makes clear that failure to file a timely notice of appeal renders any purported appeal invalid[.]' * * * No rule exists * * * in this jurisdiction that provides for the proper consideration of an issue on appeal for which a notice of appeal never was filed." (quoting Martin v. Lilly, 505 A.2d 1156, 1159 (R.I. 1986))). We therefore deny and dismiss the appeal. The papers are remanded to the Superior Court.

Entered as an Order of this Court this 25th day of April, 2014.

By Order,

_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:** State v. Byron W. deWeldon.

**CASE NO:** No. 2007-290-C.A.
(N1/99-220A)

**COURT:** Supreme Court

**DATE ORDER FILED:** April 25, 2014

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** N/A – Court Order

**SOURCE OF APPEAL:** Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Melanie Wilk Thunberg

**ATTORNEYS ON APPEAL:**

For State: Jane M. McSoley
Department of Attorney General

For Defendant: John Sylvia, Esq.