**Supreme Court**
No. 2012-192-C.A.

State       :

v.        :

Michael Rocchio.    :

# O R D E R

The defendant, Michael Rocchio, appeals from a Superior Court order denying his motion to withdraw his plea of nolo contendere to one count of breaking and entering.

On June 2, 2010, the defendant was charged with two counts of unlawful breaking and entering in violation of G.L. 1956 § 11-8-2 and two counts of conspiracy to break and enter in violation of G.L. 1956 § 11-1-6. On May 14, 2012, the defendant entered a plea of nolo contendere to one of the breaking and entering counts in exchange for dismissal of the three remaining counts. In addition, the Superior Court agreed to impose a ten-year sentence, the defendant having to serve the first six months[1] and the remaining nine years, six months suspended, during which the defendant would be placed on probation. That same day, the defendant, through counsel, asked the Superior Court to stay execution of sentence until May 23, 2012.

In the interim, the defendant filed a motion to withdraw his plea, to which the state objected. The defendant argued that he did not have sufficient time to discuss the consequences of his plea with his family, that he did not fully understand the consequences of an immediate plea of nolo contendere, and that if he had had an opportunity to consult with his family, he would not have entered the plea. The state countered, arguing that the defendant's motion to

---

[1] The term to serve has been stayed pending the disposition of this appeal.

withdraw was untimely because sentence had already been imposed. The state suggested that the proper avenue would be for the defendant to file an application for postconviction relief, but added that, even on the merits, the defendant's motion to withdraw should be denied.

On May 23, 2012, the Superior Court convened a hearing on the motion. Notwithstanding the timeliness argument raised by the state, the hearing justice chose to err on the side of giving the defendant the opportunity to proceed with his motion to withdraw. The hearing justice heard arguments from counsel and testimony from the defendant's father. Taking all of this into consideration, he denied the motion.

As a threshold inquiry, "we must first determine if this matter is properly before us." State v. Castriotta, 80 A.3d 854, 855-56 (R.I. 2013). Rule 32(d) of the Superior Court Rules of Criminal Procedure provides that "[a] motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or deferred or probation is imposed or imposition of sentence is suspended." As we have explained, "[o]nce a defendant has entered a plea of guilty or of nolo contendere and sentence has been imposed, any issue relating to the validity of the plea must be raised by way of postconviction relief." Castriotta, 80 A.3d at 856 (quoting State v. Vashey, 912 A.2d 416, 418 (R.I. 2006)). Therefore, because the Superior Court had already accepted the defendant's plea and sentenced him, but had only stayed the execution of sentence until a later date, the defendant's appeal is not properly before this Court.

However, under a similar set of facts, in Castriotta, despite stating that it was "our firm opinion * * * that [the] defendant's appeal [was] not properly before [the] Court," we nonetheless discussed the merits of the defendant's plaint. Castriotta, 80 A.3d at 856. We do the same here, briefly.

Our decision in State v. Carroll, 110 R.I. 532, 294 A.2d 187 (1972), focuses withdrawal of pleas on two questions: "[D]id the accused fully understand the consequences of his earlier plea and, if he did, is he now offering to adduce evidence at trial which, if believed, would tend to cast doubt on his guilt?" Id. at 536, 294 A.2d at 189.

During the hearing on the motion to withdraw, the hearing justice engaged in a colloquy with the defendant's father regarding the father's assertion that he knew his son did not commit the crime pled to. The hearing justice found that the father's testimony on behalf of his son, though laudable, was essentially devoid of any factual basis. Indeed, such bare assertions do not provide "any factual evidence which would cast doubt on [the defendant's] guilt." State v. Sfameni, 113 R.I. 150, 154, 318 A.2d 460, 462 (1974) (holding that the defendant's mere "statement that he was not guilty" was insufficient "to satisfy the requirement of establishing doubt as to guilt").

Accordingly, after his careful consideration of the arguments raised by defense counsel and testimony from the defendant's witness, the hearing justice determined that the defendant should not be permitted to withdraw his plea. In support of his determination, the hearing justice noted that, notwithstanding the testimony of the defendant's father that his son had limited formal education, was unable to hold steady employment, and may have had concentration difficulties, there was "no evidence" introduced that "convince[d] [the] Court that [the defendant] did not knowingly, intelligently and freely understand that he was giving up his right[s] * * * by pleading nolo contendere." Further, the hearing justice noted that the "defendant ha[d] presented absolutely no information or evidence to [the] Court that * * *, if believed, would tend to cast doubt on his guilt." We cannot — especially in the absence of a

transcript of the underlying plea colloquy — say that the hearing justice abused his discretion in that determination. See Falcone v. State, 871 A.2d 361, 363 (R.I. 2005) (mem.).

For the foregoing reasons we affirm the order of the Superior Court. The record in this case may be returned to that tribunal.

Entered as an Order of this Court, this 17th of October, 2014.

By Order,

_____/s/_____
Clerk

- 4 -



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**          State v. Michael Rocchio.

**CASE NO:**                No. 2012-192-C.A.
                            (P2/10-1743A)

**COURT:**                  Supreme Court

**DATE ORDER FILED:**       October 17, 2014

**JUSTICES:**               Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**             N/A – Court Order

**SOURCE OF APPEAL:**       Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                            Associate Justice Edward C. Clifton

**ATTORNEYS ON APPEAL:**

                            For State:  Aaron L. Weisman
                                        Department of Attorney General

                            For Defendant:  Richard C. Tallo, Esq.