**Supreme Court**
No. 2023-197-C.A.
(P3/20-3517ADV)

State                                  :

v.                                  :

Danny Restitullo.                    :

## O R D E R

The defendant, Danny Restitullo, who is not represented by counsel, appeals from a final order of the Superior Court denying his appeal of a magistrate's acceptance of his nolo contendere plea.  Before this Court, the defendant contends that (1) his plea was invalid and (2) he is not guilty of the underlying domestic simple assault.  This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.[1]  For the reasons set forth in this order, we affirm the order of the Superior Court.

On November 11, 2020, the Pawtucket Police Department arrested defendant and charged him, by criminal complaint, with domestic simple assault and battery

---

[1] The state indicated that it would waive oral argument and rest upon its written submissions.

and domestic disorderly conduct. The defendant was released on a surety bond the following day.

On December 3, 2020, defendant pleaded nolo contendere to the assault charge before a District Court magistrate. The magistrate imposed a one-year suspended sentence, with probation. The state moved to dismiss the disorderly conduct charge pursuant to Rule 48(a) of the District Court Rules of Criminal Procedure. The defendant appealed to the Superior Court on December 7, 2020.

In October 2021, the state filed a bail violation notice against defendant, and he was held without bail thereafter. On November 18, 2021, defendant again entered a plea of nolo contendere to the assault charge, this time before a Superior Court magistrate. The plea form, signed by defendant and his attorney, certified that defendant understood that his plea would waive certain rights, including his rights to appeal "any verdict or finding of guilt" and "the sentence imposed" to this Court.

At the plea hearing, defendant assented to the state's proffer that it could have proven beyond a reasonable doubt that "on or about November 11th of 2020," defendant "did commit an assault and/or battery upon the body of" the complaining witness, who is the mother of defendant's child. The magistrate engaged in a colloquy with defendant as to his plea, eventually concluding that defendant pled "knowingly, intelligently[,] and voluntarily * * *."

As had the District Court magistrate, the Superior Court magistrate imposed a one-year suspended sentence, with probation. The magistrate also required that defendant complete domestic violence classes and abide by a no-contact order. A judgment of conviction entered on February 23, 2022.

On December 8, 2021, defendant prematurely appealed the judgment of the Superior Court magistrate, pursuant to G.L. 1956 § 8-2-11.1(d). A Superior Court justice denied defendant's appeal in an order dated April 26, 2023. Citing the signed plea form and defendant's colloquy with the magistrate, the trial justice found "no grounds on which [d]efendant can appeal his sentence" because defendant "freely and voluntarily entered a plea of *nolo contendere*" and "freely and voluntarily waived his right to appeal."

The defendant filed a timely notice of appeal to this Court on May 3, 2023. Before this Court, defendant asserts that, on the date of the plea, he was "suffer[ing] from depression and anxiety." He recounts that, when his attorney "presented [him] with a 'deal,'" he "didn't have time to process what was going on" and "was intimidated by the process * * *." He maintains that he is "not guilty of assaulting anyone" and that his "rights were violated and continue to be violated."

The defendant also claims that the complaining witness "tried to drop the charges and was unable to speak to anyone," averring that "[s]he signed an affidavit stating that she wasn't assaulted by" him.[2]

The state argues that defendant's claims are not properly before us. In the alternative, it suggests that defendant's appeal should be denied because the record does not support a claim that his plea was anything other than knowing, voluntary, and intelligent.

"General Laws 1956 §§ 8-2-11.1(e) and 8-2-39(f) provide that final orders of the Superior Court entered in a proceeding to review an order of a magistrate may be appealed to the Supreme Court." *DiCarlo v. State*, 212 A.3d 1191, 1195 (R.I. 2019) (quoting *State v. Rosenbaum*, 114 A.3d 76, 80 (R.I. 2015)). "On appeal, this Court will not disturb the factual determinations of the Superior Court justice unless he or she made clearly erroneous findings or misconceived or overlooked material

---

[2] The affidavits in question were first filed in the Superior Court only after the trial justice rendered his decision denying defendant's appeal and thus can play no role in our review. *See* Article I, Rule 10(a) of the Supreme Court Rules of Appellate Procedure ("[T]he papers and exhibits filed in the trial court and the transcript of proceedings * * * shall constitute the record on appeal in all cases."); *Ouimette v. State*, 785 A.2d 1132, 1139 (R.I. 2001) (noting that an affidavit filed after the decision under review was not part of the appellate record).

The defendant also requests that this Court order a "new trial based upon newly discovered evidence." As discussed herein, under the circumstances of the case at bar, any such motion must be brought in an application for postconviction relief in the first instance. *See* G.L. 1956 § 10-9.1-1.

evidence." *Id.* (quoting *Rosenbaum*, 114 A.3d at 80). "We will, however, review questions of law *de novo*." *Id.* (quoting *Rosenbaum*, 114 A.3d at 80).

"[I]n reviewing the trial justice's legal determinations, this Court has a 'prerogative to affirm a determination of a trial justice on grounds different from those enunciated in his or her decision[.]'" *Miller v. Metropolitan Property and Casualty Insurance Co.*, 111 A.3d 332, 339 (R.I. 2015) (quoting *John Marandola Plumbing & Heating Co. v. Delta Mechanical, Inc.*, 769 A.2d 1272, 1275 (R.I. 2001)).

Rule 32(d) of the Superior Court Rules of Criminal Procedure provides that "[a] motion to withdraw a plea of * * * nolo contendere may be made *only before* sentence is imposed * * * or imposition of sentence is suspended." (Emphasis added.) Because defendant did not timely seek to withdraw his plea in accordance with that rule, any challenge to the plea's validity is properly the subject of an application for postconviction relief, not an appeal to the trial justice or this Court. *See State v. Rocchio*, 101 A.3d 858, 859 (R.I. 2014) ("[O]nce a defendant has entered a plea of * * * nolo contendere and sentence has been imposed, any issue relating to the validity of the plea must be raised by way of postconviction relief.") (quoting *State v. Castriotta*, 80 A.3d 854, 856 (R.I. 2013)).

Moreover, defendant's claim of actual innocence was not raised to the trial justice below and is therefore waived for appellate review. "[T]his Court's

'raise-or-waive rule precludes us from considering at the appellate level issues not properly presented before the trial court.'" *State v. Gamache*, 297 A.3d 67, 79 (R.I. 2023) (quoting *State v. Merida*, 960 A.2d 228, 236 (R.I. 2008)).

That is not to say, however, that the defendant should have presented his claim of actual innocence to the trial justice. To the contrary, "[a] plea of * * * nolo contendere to a charged offense operates as a waiver of the defendant's right to appeal his conviction of that offense." *State v. Feng*, 421 A.2d 1258, 1263 n.5 (R.I. 1980). Similar to the defendant's challenge to the validity of his plea, an application for postconviction relief is the proper vehicle to request a remedy under these circumstances. *See* G.L. 1956 § 10-9.1-1(b) (charging that postconviction relief under this chapter is the exclusive remedy for collateral attack of a conviction not otherwise reviewable "incident to the proceedings in the trial court" or through direct appellate review).

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.

Entered as an Order of this Court this  11th  day of April, 2024.

By Order,

/s/ Meredith A. Benoit, Clerk
_____
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | State v. Danny Restitullo. | |
| **Case Number** | No. 2023-197-C.A. (P3/20-3517ADV) | |
| **Date Order Filed** | April 11, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern | |
| **Attorney(s) on Appeal** | For State:<br><br>Devon Flanagan Hogan<br>Department of Attorney General | |
| | For Defendant:<br><br>Danny Restitullo, *pro se* | |