# FOR PUBLICATION



FILED
Sep 24 2013, 5:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN S. ANTALIS**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JEROME MILIAN,                          )
                                        )
    Appellant-Defendant,            )
                                        )
        vs.                 )     No. 79A02-1302-CR-197
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1207-FA-10

**September 24, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Jerome Milian ("Milian") appeals the trial court's denial of his *pro se* motion to withdraw his guilty plea contending that the trial court abused its discretion by allowing him to proceed *pro se* in arguing the motion and denying his motion to withdraw his guilty plea.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Milian pleaded guilty to dealing in cocaine[1] as a Class A felony and to his status as an habitual substance offender.[2] The factual basis supporting his guilty plea establishes the following: On July 16, 2012, Milian was arrested by police officers after the completion of the last of six controlled buys of cocaine from him dating from May 10, 2012. On the date of his arrest, Milian knowingly or intentionally delivered pure or adulterated cocaine to a person later revealed to be a detective with the Lafayette Police Department, and the transaction was within one thousand feet of a family housing complex. The detective gave Milian money for the cocaine, and Milian was still in possession of that money when he was arrested later that night.

Prior to this conviction for dealing in cocaine, Milian was convicted of delivery of a controlled substance in 2003 and in Illinois in 2008. Milian was also convicted of possession of marijuana in Tippecanoe County in 2008.

The State charged Milian with multiple counts related to this activity, and at the conclusion of negotiations, Milian pleaded guilty as described above. After entering his

---

[1] *See* Ind. Code § 35-48-4-1(b).

[2] *See* Ind. Code § 35-50-2-10 (this code section was repealed by Pub. L. No. 158-2013, § 664, effective July 1, 2014).

guilty plea, but prior to sentencing, Milian, who was represented by counsel, made several attempts, *pro se*, to withdraw his guilty plea. The trial court set Milian's motions for a status conference on January 4, 2013, at which hearing the trial court informed the parties that it would allow Milian to argue his motion *pro se* at a hearing on January 8, 2013, with his court-appointed counsel present as standby counsel.

After hearing the arguments on Milian's motion, and reviewing the guilty plea hearing, the trial court issued its order denying Milian's motion to withdraw his guilty plea. The matter proceeded to sentencing on January 29, 2013, at which time the trial court imposed a cumulative sentence of thirty-three years, twenty-six of which were to be executed at the Department of Correction. Milian now appeals. Additional facts will be supplied below.

## DISCUSSION AND DECISION

Milian contends that the trial court abused its discretion by denying his motion to withdraw his guilty plea and allowing him to proceed *pro se* at the hearing on that motion. Generally, an appellant is not allowed to challenge his guilty plea on direct appeal once judgment is entered, but must pursue post-conviction relief instead. *Tumulty v. State*, 666 N.E.2d 394, 395-96 (Ind. 1996). However, where a defendant has sought to withdraw his guilty plea prior to sentencing, and the trial court hears evidence on the motion, reviewed the claim, and rejected it, the defendant may present the challenge on direct appeal. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). The Supreme Court's opinion in *Brightman* includes the following discussion of the standard of review in such challenges:

Indiana Code § 35-35-1-4(b) governs motions to withdraw guilty pleas. After a defendant pleads guilty but before a sentence is imposed, a defendant may motion to withdraw a plea of guilty. The court must allow a defendant to withdraw a guilty plea if "necessary to correct a manifest injustice."

By contrast, the court must deny the motion if withdrawal of the plea would "substantially prejudice[]" the State. In all other cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason."

A trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling." We will reverse the trial court only for an abuse of discretion. In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered "freely and knowingly."

758 N.E.2d at 44.

Milian advances two arguments in support of his contention that his guilty plea should have been withdrawn. He argues that the State admitted that it would suffer no prejudice from such withdrawal and that his plea was not entered into freely and voluntarily. He also contends that he was insufficiently advised and admonished about the dangers involved in self-representation.

At Milian's initial hearing, the magistrate informed Milian as follows:

If you are here for an initial hearing on a criminal case you do have the right to an attorney. If you intend to hire a private attorney you must do so within twenty days after this hearing if charged with a felony or within 10 days after this hearing if you're charged with misdemeanors. I say this because there are deadlines for filing certain motions and raising defenses. If these deadlines are missed, then the issues and defenses that could have been raised may be waived, or given up. You do have the right to represent yourself. However, if you represent yourself you must follow all the rules of evidence and proper legal procedures. The Judge and the court staff are not allowed to give you legal advice or tell you what to do or how to do it. As our Supreme Court has repeatedly explained, attorneys often have skills

4

and experience that are helpful in preparing defenses, or negotiating plea agreements. An attorney can fully explain the charges to you, including any lesser offenses, the effect of any mitigating or aggravating circumstances, whether a portion of any sentence can be suspended, or whether a charge may be reduced. An attorney can explain the impact a conviction will have on your status with the Bureau of Motor Vehicles or U.S. Immigrations; and an attorney can advise you as to whether a conviction may be used against you in the future if you are convicted of a new, related offense. If you want a lawyer but are indigent and financially unable to retain one, then I will appoint a lawyer to represent you.

*Appellant's App*. at 44. The State then filed a formal habitual substance offender charge against Milian on September 6, 2012. At the trial court's direction, the clerk of the court forwarded a copy of the information to the magistrate for the purpose of scheduling an initial hearing on the additional charge. That same day the magistrate held a hearing at which Milian was once again advised of his rights, including the right to be represented by an attorney, his right to represent himself, and the numerous advantages to being represented by an attorney.

After determining that the magistrate had erroneously set Milian's trial for October 23, 2012, the trial court rescheduled the trial for October 16, 2012, and notified Milian's counsel of the change. On October 3, 2012, Milian's counsel filed a notice of alibi defense in the matter.

Milian and the State negotiated a plea agreement. Among the terms of the agreement Milian acknowledged that he was satisfied with his attorney's service and the legal representation provided by that attorney. At the plea hearing Milian testified under oath that he had reviewed the plea agreement with counsel before he signed it. The trial court reviewed the terms of the plea agreement with Milian including the provision that

he was pleading guilty to dealing in cocaine as a Class A felony and to the habitual substance offender enhancement. The trial court informed Milian that he was free to speak with his attorney at any time, and that the proceedings would go off record in order to accommodate Milian. Milian testified that he had never been diagnosed with any mental illness, did not currently suffer from any mental or emotional instability, and was not under the influence of alcohol or drugs.

The trial court advised Milian of his rights to 1) a speedy trial, 2) confront witnesses, 3) hold the State to its burden of proof in order to convict him, and 4) not be compelled to testify at his trial. In addition, the trial court advised Milian that he had "the right to be represented by an attorney at all times including during a trial or for an appeal" and that if he "could not afford an attorney the Court would appoint one for [him]." *Guilty Plea Tr*. at 6.

Milian affirmed that he understood his rights and knew that he was giving up those rights by pleading guilty. He acknowledged his understanding that if the matter proceeded to trial, the State would be required to establish the elements of each of the offenses, and that by pleading guilty he was admitting the crimes with which he was charged. Milian also affirmed his understanding of the possible penalties for his crimes.

Further, Milian avowed that no one had forced or threatened him or placed him in fear in order to persuade him to plead guilty. He stated that his plea of guilty was made of his own free choice and decision. Milian pleaded guilty as agreed under the terms of his plea agreement and testified that he committed the crimes as charged.

6

On November 7, 2012, Milian moved *pro se* to dismiss the case against him. The trial court denied Milian's motion on the basis that he was represented by counsel at the time. Approximately six weeks after entering into his plea agreement, on November 20, 2012, Milian moved, *pro se*, to withdraw his guilty plea. On December 17 and 19, 2012, Milian filed, in letter form, additional *pro se* arguments with the court in support of his motion to withdraw his plea. Later, on December 27, he filed a motion requesting the removal of his court-appointed counsel and expressing his desire to be allowed to proceed *pro se*. Milian filed a second, *pro se* motion to withdraw his plea on December 28, 2012 and filed another letter with the trial court on January 7, 2013.

As mentioned above, the trial court set Milian's motions for a status conference on January 4, 2013. At that conference, the trial court announced its decision to allow Milian to argue his own motion to withdraw his guilty plea at a hearing set for January 8, 2013, with his court-appointed attorney serving as standby counsel.

Prior to hearing the matter, the trial court stated the following about the status of Milian's representation:

> We're here today on the defendant's *pro se* motion to withdraw guilty plea. When we were here last Friday with Mr. Freeman setting it for today what I decided was to permit [Defendant] to proceed on his *pro se* filing, with Mr. Freeman sitting as stand by counsel for this purpose. But Mr. Freeman continues to be [Defendant's] attorney for all other matters.

*Guilty Plea Tr.* at 17 (hesitations and repetitions omitted). Although the State lodged the objection that none of Milian's motions was verified, it acknowledged that the verification requirement could be met by Milian during the course of the hearing.

At the hearing, Milian asserted that he was not "stating here that my actions as far as this crime right here, that it was correct, because it wasn't. I did have some parts into this crime." *Id*. at 20. He continued his argument by stating that he sought to withdraw the plea "due to the fact that I was misled" by appointed counsel, who allegedly

> . . . told me that I was going to be signing a B felony which she had gave me, she had shown me the paper and said sign this. Once we got to Court it all came out that it was an amended to an A and there was an HSO and a thousand feet and etcetera, etcetera. Uh, right there, alone, right there, that was wrong. That was wrong to me as far as I felt right there. Because I was, I was misled to think that I was signing, signing something else that I didn't, that I didn't sign.

*Id*. at 20-21. Milian further contended that the State had withheld information from him by delaying discovery. He also argued that he should have pleaded to and been convicted of a Class B felony offense and not a Class A felony offense.

The State responded briefly to Milian's contentions. At the conclusion of the State's argument, the trial court stated:

> [The court] asked if the defendant if he had a chance to go through the plea agreement to which he said yes. Asked if he had any questions for his attorney to which he said no. And indicated that the plea was to two counts, amended count six, the A felony, which the defendant signed as the affiant and then the HSO, the sentencing enhancement, count thirteen. Reading through the plea agreement, setting out also that it was, the range of penalty of twenty-five to thirty-five years, which could include the Department of Correction and could include, if, eligible, Community Corrections, a portion of that time could be served on Community Corrections. Plea agreement further indicated that the defendant acknowledged that he was satisfied with the services of his attorney. I also asked whether or not –whether the terms of the agreement were those has he understood them to be, to which he said yes. Proceeded on, going, whether it was his intent to enter a plea of guilty on that date, which he said yes. Went through the various rights, waivers, read the charges, range of penalties for the A felony and the HSO. Indicated that he, he did plead guilty, he was sworn, admitted that he delivered cocaine within one

8

thousand feet of Union Square Apartments. As well as the dates of the arrests and convictions, the arrests and convictions of those offenses set out in count thirteen. Further, on that day the Court did accept the plea of guilty and plea agreement and entered judgment of conviction on that date. And revoked the bond previously ordered in this cause.

*Id*. at 27-28. Milian's motion was denied the next day.

Because the State had acknowledged that it would suffer no prejudice should the trial court grant Milian's motion to withdraw his guilty plea, the trial court reviewed Milian's motion to determine whether a manifest injustice had occurred or if there was some other ground for granting Milian the requested relief. A defendant has the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Code § 35-35-1-4(e). Milian failed to meet that burden.

Our Supreme Court has stated:

"Manifest injustice" and "substantial prejudice" are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision has faced a high hurdle under the current statute and its predecessors. The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling. Still, concerns about injustice carry greater weight when accompanied by credible evidence of involuntariness, or when the circumstances of the plea reveal that the rights of the accused were violated. Did the defendant understand the allegations to which he was pleading guilty? Did the defendant know about the right to trial? Was the decision to plead made with the benefit of counsel? Did the defendant appreciate the sentencing ramifications of admitting guilt? What was the defendant's understanding of the bargain struck with the prosecutor? A court must examine questions of this sort to confirm that a defendant is acting freely and knowingly before accepting a guilty plea.

*Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995) (internal citations and parentheticals omitted).

9

Here, Milian admitted that he did "have some parts to this crime," but asserted that his counsel misled him as to what the plea agreement provided and his belief as to which class of felony was involved. *Guilty Plea Tr.* at 20-21. The trial court reviewed the terms of the plea agreement with Milian including the provision that he was pleading guilty to dealing in cocaine as a Class A felony and to the habitual substance offender enhancement. Milian stated he had read the plea agreement, an agreement which specifically involves a Class A felony offense and a habitual substance offender enhancement, prior to signing it. Milian assured the trial court that he had read the plea agreement and reviewed it with counsel.

Further, Milian stated for the record that he was happy with his legal representation and the services his attorney had provided. Milian affirmed that the plea agreement contained the terms he understood were to be included. The description of the offense that was read to Milian at the guilty plea hearing included the element that the crime occurred within 1000 feet of a housing complex, and the probable cause affidavit for that count, which also includes that allegation, was sworn to by Milian. In sum, all three veins along which Milian sought to withdraw his guilty plea, were rebutted by verified evidence in the record, and Milian failed to show manifest injustice.

In the absence of a manifest injustice, the decision to grant or deny Milian's motion rested within the trial court's discretion. The trial court chose to deny the motion. Milian has failed to establish an abuse of discretion.

Milian claims that the trial court abused its discretion by allowing him to argue his *pro se* motion, contending that he was insufficiently advised of the consequences of

doing so. "The Sixth Amendment, applicable to the states through the Fourteenth Amendment, guarantees a criminal defendant the right to counsel before he may be tried, convicted, and punished." *Hopper v. State*, 957 N.E.2d 613, 617 (Ind. 2011) (citing *Faretta v. California*, 422 U.S. 806, 807 (1975)). A defendant also has the affirmative right to represent himself in a criminal case. *Id*. However, in most criminal prosecutions, defendants "could better defend with counsel's guidance than by their own unskilled efforts." *Id*. at 617-18. A defendant who waives the right to counsel and proceeds to trial unrepresented, must knowingly and intelligently forgo the relinquished, traditional benefits associated with the right to counsel. *Id*. at 618.

Moreover, a defendant's right to counsel arises at any point during a criminal proceeding "in which the absence of counsel would erode the defendant's right to a fair trial." *Id*. at 616 (citing *Hernandez v. State*, 761 N.E.2d 845 (Ind. 2002)). As such, this includes any critical stage in which "'(1) incrimination may occur or (2) where the opportunity for effective defense must be seized or be foregone.'" *Hernandez*, 761 N.E.2d at 850 (quoting *Casada v. State*, 544 N.E.2d 189, 198 (Ind. Ct. App. 1989)). The task of determining what constitutes a critical stage at which a defendant's right to counsel arises is not an easy task. For example, the initial hearing is not a critical stage requiring the presence of counsel. *Hopper*, 957 N.E.2d at 616-17 (citing *Benner v. State*, 580 N.E.2d 210 (Ind. 1991)). Further, though plea bargaining is not a critical stage, the entry of a guilty plea is a critical stage. *Id*. Although a court-ordered mental evaluation following an insanity plea is not a critical stage giving rise to the right to counsel, a hearing at which a defendant is questioned regarding his absence from trial may be a

11

critical stage entitling the defendant to legal representation. *See Williams v. State*, 555 N.E.2d 133, 136 (Ind. 1990) (mental evaluation following insanity plea); *Ellis v. State*, 525 N.E.2d 610, 612 (Ind. Ct. App. 1987) (questioning regarding absence from trial).

Milian argues that based on the holdings cited above, a hearing on a motion to withdraw a guilty plea is a critical stage deserving of legal representation, even more so than a guilty plea hearing itself. *Appellant's Br*. at 11-12. Although Milian cites to *Hopper* in support of this position, we have previously concluded that a hearing on the defendant's motion to withdraw his guilty plea was a critical stage of the proceedings requiring assistance of counsel. *Martin v. State*, 588 N.E.2d 1291, 1293 (Ind. Ct. App. 1992).

In *Martin*, we acknowledged that a proceeding is a critical stage if the defendant is "confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities." 588 N.E.2d at 1293. We concluded that "a motion to withdraw guilty plea involves both intricacies of law and advocacy by the prosecutor, thus entitling a defendant to the assistance of counsel." *Id*.

*Martin* is distinguishable. In *Martin*, the defendant wished to be represented by counsel, but after dismissing his first appointed counsel, refused to discuss his ability to pay for a public defender. The trial court declined to appoint additional counsel for the defendant, a decision which we found to be erroneous. In his motion to withdraw his guilty plea, the defendant raised issues of law and fact, including his competency to evaluate his motion to withdraw the plea and new alibi witnesses. Martin made repeated requests for the appointment of counsel, but the trial court declined. Martin was forced to

12

proceed *pro se* against his wishes. Therefore, he was faced with defending a motion implicating his substantial rights, without counsel, when he desired representation. Unlike the defendant in *Martin*, Milian made repeated requests to proceed *pro se* when he was represented by counsel, and the motion to withdraw his guilty plea did not raise substantial questions of law or issues of fact requiring an evidentiary hearing, legal arguments or briefing.

Similar to our concern for defendants confronted with the "intricacies of law," other jurisdictions have focused on whether the motion to withdraw a guilty plea raises substantial questions of law. *See e.g., Green v. Arkansas*, 290 S.W.3d 339, 344 (Ark. 2005) (no right to counsel in hearing for guilty plea withdrawal); *State v. Jackson*, 874 P.2d 1138, 1142 (Kan. 1994) (no right to counsel where motion to withdraw plea fails to raise substantial questions of law or triable issues of fact involving legal arguments).

Additionally, in the present case, Milian was not unrepresented. The trial court proceeded with the hearing on Milian's motion with standby counsel at the ready to assist Milian. In this regard, Milian's appeal presents one similar to that presented in *Rhode Island v. Eason*, 786 A.2d 365 (R.I. 2001). In *Eason*, the Rhode Island Supreme Court declined to inquire whether the defendant had waived his right to counsel, where the defendant had been represented by counsel for some time, and counsel was present at the hearing during which the defendant argued his motion *pro se*. In *Eason*, appointed counsel represented the defendant both prior to and after the hearing on the motion, and was present during the hearing serving as standby counsel.

13

Milian received multiple advisements and admonishments from the trial court regarding his rights, and in particular, his right to representation by counsel. Milian has failed to meet his burden of establishing that the trial court abused its discretion. Consequently, we find no error here.

Affirmed.

ROBB, C.J., and RILEY, J., concur.