## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 13 2016, 9:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael B. Troemel
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cody Mikework, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 13, 2016 <br><br> Court of Appeals Case No. <br> 04A03-1605-CR-1122 <br><br> Appeal from the Benton Circuit Court <br><br> The Honorable Rex W. Kepner, Judge <br><br> Trial Court Cause No. <br> 04C01-1601-F4-18 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Cody R. Mikeworth (Mikeworth), appeals his conviction for one Count of burglary, a Level 5 felony, Ind. Code § 35-43-2-1; and three Counts of arson, Level 4 felonies, I.C. § 35-43-1-1(a)(3).

We affirm.

## ISSUE

Mikeworth raises two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court abused its discretion by denying Mikeworth's motion to withdraw his guilty plea.

## FACTS AND PROCEDURAL HISTORY

During the early morning of January 21, 2015, Mikeworth broke a window at the Weist Building in Fowler, Benton County, Indiana. He then reached inside, spilled an accelerant on the floor, and started a fire. The Benton County prosecutor's office was housed inside of the Weist Building, and Mikeworth started the fire with an intent to thwart the proceedings of his child support case. As he abandoned the scene, Mikeworth believed that he may have caught the attention of a police officer. Thus, in order to create a distraction and confuse the investigators, Mikeworth randomly selected two other properties in Benton County—a barn and a garage—and set them on fire as well. More than a year later, on January 25, 2016, Mikeworth's personal residence caught fire, which prompted an investigation by the Indiana Fire Marshal's Office. On

January 26, 2016, during an interview regarding his own house fire, Mikeworth confessed in detail to setting the three fires a year prior.

[5] On January 28, 2016, the State filed an Information, charging Mikeworth with one Count of burglary as a Level 5 felony and three Counts of arson as Level 4 felonies. That day, the trial court conducted an initial hearing, during which Mikeworth was provided with an "ADVICE OF RIGHTS AND POSSIBLE PENALTIES" form. (Appellant's App. Vol. II, p. 18). This form stipulated:

> **If you enter a GUILTY PLEA**, either on your own, or with a plea agreement, you are **waiving the following rights for the charges you admit**. You waive the right to:
>
> 1. **make the State prove the case or charges beyond a reasonable doubt at trial; at which you can not** [*sic*] **be compelled to testify against yourself**.
>
> 2. **have an attorney represent you** privately or by appointment, unless you already have an attorney. If an attorney is appointed, you may be required to reimburse Benton County for those fees.
>
> 3. **a public and speed** [*sic*] **trial by jury.** To reserve the right to a jury trial in misdemeanor cases you must file a written demand not later than [ten] days before the [first] scheduled trial date.
>
> 4. **compel testimony of others** in your favor by use of subpoena[]s without any expense to you.

5. **the right to appeal your guilty plea** and [*sic*] to an Appellate Court or request a continuance to seek an attorney if not currently represented and this is your initial hearing. **The right to appeal your sentence** if a plea agreement covers all terms of your sentence.

6. **and the right to confront and cross examine witnesses against you.**

(Appellant's App. Vol. II, p. 18). The form further advised of the possible range of penalties for each charge. Mikeworth signed the advice of rights form to indicate that "**I HAVE READ THIS SIDE AND UNDERSTOOD MY RIGHTS AND THE POSSIBLE PENALTIES THAT CAN BE IMPOSED BY THE COURT.**" (Appellant's App. Vol. II, p. 18).

[6] Thereafter, the trial court engaged in the following conversation with Mikeworth:

> THE COURT: Did you receive an Advice of Rights form this morning?
> [MIKEWORTH]: Uh, yes sir. Right there.
> THE COURT: Did you read through that and sign it?
> [MIKEWORTH]: Yes.
> THE COURT: Do you understand what your rights are?
> [MIKEWORTH]: Yes.
> THE COURT: Are you wanting to plead guilty, not guilty today or seek an attorney, sir?
> [MIKEWORTH]: Can I make a statement please?
> THE COURT: Sure.
> [MIKEWORTH]: Uh, I know everybody in this room thinks I'm probably the biggest piece of shit in this county. I mean, I pulled some stupid stuff that was all during uh—my last time that

I was in trouble. I—I'm very sorry for it. I'll admit to anything you guys want me to admit to today. I've been working towards getting my life back together and I, I had actually pretty much forgotten about this whole thing until just recently and I feel bad for it, but I have to pay the consequences.

THE COURT: I'm not—I'm not requesting that you do one thing or another thing. That is entirely up to you. But at this point, my only question is whether or not you wish to plead guilty, not guilty, or seek an attorney.

[MIKEWORTH]: Uh hum, they, they got all the evidence they need, I might as well plead guilty.

THE COURT: Well, that is entirely up to you.

[MIKEWORTH]: I might as well. There ain't no reason to fight them.

THE COURT: Do you understand you have the right to have an attorney?

[MIKEWORTH]: I can't afford one.

THE COURT: Do you understand that if you can't afford one, you have the right to have one appointed for you at county expense?

[MIKEWORTH]: I, with this whole situation I've cost the county enough money, I, I wouldn't want one.

THE COURT: Okay, but you understand that you have the right? I need to make sure you understand your rights.

[MIKEWORTH]: Yes.

THE COURT: Okay. You understand that you have the right to make the State prove these allegations beyond a reasonable doubt at trial?

[MIKEWORTH]: I know they can so, I understand that, yes.

THE COURT: Do you understand that you have the right to testify or not testify at trial?

[MIKEWORTH]: Yes.

THE COURT: Do you understand that you have the right to a public and speedy trial by jury?

[MIKEWORTH]: Yes[.]

[THE COURT:] Do you understand that you have the right to have subpoenas issued out of the Clerk's office at no expense to

you to have others come and testify on your behalf?

[MIKEWORTH]: Yes.

THE COURT: Any questions about any of those rights?

[MIKEWORTH]: No.

THE COURT: Do you understand that if you plead guilty you are waiving all of those rights?

[MIKEWORTH]: Yes.

THE COURT: They don't have to prove the case, you don't have any attorney, no trial is held, understand all of that?

[MIKEWORTH]: Yes.

THE COURT: Do you have any questions about any of that?

[MIKEWORTH]: No, Your Honor.

(Tr. pp. 3-5). The trial court subsequently explained the possible penalties of each charge, as well as the effect of a guilty plea on Mikeworth's probation in an unrelated matter. Following this advisement, Mikeworth stated that he wished to plead guilty.

[7] Based on Mikeworth's decision to plead guilty, the trial court questioned him to ensure that he was not under the influence of any alcohol or drugs and that the decision to plead guilty was not coerced. The trial court found that there was an adequate factual basis to support the guilty pleas and further determined that Mikeworth was voluntarily and knowingly waiving his rights. Thus, the trial court accepted Mikeworth's guilty plea and set the matter for sentencing.

[8] On February 16, 2016, an attorney entered an appearance on behalf of Mikeworth. The next day, Mikeworth—via his attorney—filed a Verified Motion to Withdraw Plea. In his motion, Mikeworth asserted that he "is not guilty of the offenses charged, that [his] plea of guilty was entered without

advice of counsel and without understanding the nature of the charges, the effect of the plea, or [his] rights in the proceedings." (Appellant's App. Vol. II, p. 19). On March 7, 2016, the trial court held a hearing on Mikeworth's motion. During the hearing, Mikeworth testified that he has an eighth grade education and never obtained his GED; that his employment history has only ever consisted of manual labor; that he was "not exactly positive" of the maximum penalty possibilities for his charges of burglary and arson; that he did not recall the trial court advising him of his rights at the time of his guilty plea; and that he has "no clue" as to what rights he waived by pleading guilty. (Tr. pp. 19, 20). Mikeworth further testified that he "was led to believe" that it would be futile to contest his guilt. (Tr. p. 20). Accordingly, Mikeworth requested that his guilty plea be set aside because he "did not understand his rights guaranteed to him under the due process [clause] under the [Fourteenth] Amendment." (Tr. p. 21). On March 10, 2016, the trial court issued its Order, denying Mikeworth's request to withdraw his guilty plea.

[9] On April 8, 2016, the trial court conducted a sentencing hearing, and the sentencing order was filed on April 21, 2016. The trial court imposed a sentence of four years for Mikeworth's burglary Count, and for each of the three arson Counts, the trial court ordered Mikeworth to serve an eight-year sentence, of which three years and four months would be executed in the Indiana Department of Correction (DOC), two years would be executed through Community Corrections (if eligible), and two years and eight months would be suspended to probation. The trial court ordered the sentences for the

three arson charges to run consecutively to each other but concurrent to the burglary sentence.  Ultimately, Mikeworth received an aggregate sentence of twenty-four years, of which ten years would be executed in the DOC, six years would be executed in Community Corrections (if eligible), and eight years would be suspended to probation.

[10]  Mikeworth now appeals.  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[11]  Mikeworth claims that the trial court abused its discretion by denying his motion to withdraw his guilty plea.  In general, "an appellant is not allowed to challenge his guilty plea on direct appeal once judgment is entered, but must pursue post-conviction relief instead."  *Milian v. State*, 994 N.E.2d 342, 344 (Ind. Ct. App. 2013), *trans. denied*.  "However, where a defendant has sought to withdraw his guilty plea prior to sentencing, and the trial court hear[d] evidence on the motion, reviewed the claim, and rejected it, the defendant may present the challenge on direct appeal."  *Id.* (citing *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001)).

[12]  Indiana Code section 35-35-1-4(b) governs the withdrawal of guilty pleas and provides that, following the entry of a guilty plea but prior to sentencing, "the court *may* allow the defendant by motion to withdraw his plea of guilty . . . for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea."  I.C. § 35-35-1-4(b) (emphasis added).  However, the trial court *must* permit a defendant to withdraw his guilty plea if it

"is necessary to correct a manifest injustice." I.C. § 35-35-1-4(b) (emphasis added). When a defendant moves to withdraw a guilty plea, he bears "the burden of establishing his grounds for relief by a preponderance of the evidence." I.C. § 35-35-1-4(e). "The trial court's ruling on a motion to withdraw a guilty plea arrives in this [c]ourt with a presumption in favor of the ruling." *Gross v. State*, 22 N.E.3d 863, 868 (Ind. Ct. App. 2014) (quoting *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995)), *trans. denied*. Thus, "[t]he ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion." I.C. § 35-35-1-4(b). "In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered 'freely and knowingly.'" *Gross*, 22 N.E.3d at 868 (quoting *Coomer*, 652 N.E.2d at 62).

[13] Mikeworth contends that his guilty plea must be vacated because his plea was not knowingly and voluntarily given. In particular, he asserts that he was not adequately advised of his constitutional rights, as well as other pertinent information, prior to pleading guilty.[1] Indiana Code section 35-35-1-2(a) requires that a trial court

---

[1] The State asserts that Mikeworth "has waived review of his claim that he was not properly advised of his rights before pleading guilty" because he did not argue before the trial court that he was deprived of his constitutional rights. (State's Br. p. 15). We disagree. In his Verified Motion to Withdraw Plea, Mikeworth asserted that he "is not guilty of the offenses charged, that [his] plea of guilty was entered without advice of counsel and without understanding the nature of the charges, the effect of the plea, or [his] rights in the proceedings." (Appellant's App. Vol. II, p. 19).

shall not accept a plea of guilty . . . without first determining that the defendant:

(1) understands the nature of the charge against the defendant;

(2) has been informed that by the defendant's plea the defendant waives the defendant's rights to:

      (A) a public and speedy trial by jury;

      (B) confront and cross-examine the witnesses against the defendant;

      (C) have compulsory process for obtaining witnesses in the defendant's favor; and

      (D) require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself or herself;

(3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences;

(4) has been informed that the person will lose the right to possess a firearm if the person is convicted of a crime of domestic violence . . . ; and

(5) has been informed that if:

      (A) there is a plea agreement . . . ; and

      (B) the court accepts the plea;

the court is bound by the terms of the plea agreement.

*See also Ponce v. State*, 9 N.E.3d 1265, 1270 (Ind. 2014) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)) (discussing that, in accepting a guilty plea, a trial court "must be satisfied that an accused is aware of" his constitutional rights against self-incrimination, to trial by jury, and to confront his accusers). "Any variance from the requirements of [Indiana Code section 35-35-1-2(a)] that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty." I.C. § 35-35-1-2(c).

[14] According to Mikeworth, the trial court never advised him of his constitutional right to confront witnesses against him. Mikeworth further insists that "[a]s a whole, the record reveals that [he] came into court for an initial hearing, was without the benefit of counsel, was not advised as to how a lawyer could help him,[2] had been told by the police to forget about any defense, was not fully explained the elements of burglary, was not specifically told his maximum sentence, was not informed of his right to appeal or his right to appellate counsel, was uneducated, and most importantly [was] not explained his right of confrontation." (Appellant's Br. pp. 14-15). We disagree and instead find that the record establishes that the trial court adequately advised Mikeworth such that his decision to plead guilty was made freely and knowingly.

[15] Prior to pleading guilty, Mikeworth received a document apprising him, in pertinent part, that by pleading guilty he would forfeit (1) his right to compel the State to prove its case against him at trial beyond a reasonable doubt, where he would not be compelled to testify against himself; (2) his right to be represented by an attorney; (3) his right to a public and speedy trial by jury; (4) his right to have the court issue subpoenas on his behalf to compel the testimony of witnesses; (5) his right to appeal his guilty plea and sentence; and (6) his right to confront and cross-examine witnesses. Mikeworth signed the

---

[2] We find that Mikeworth has waived any argument regarding a violation of his Sixth Amendment right to counsel based on the trial court's purported failure to adequately apprise him of the perils of self-representation or the assistance he might receive from having a lawyer. Mikeworth's brief reference to "the paucity of discussion about the benefit of utilizing counsel" hardly amounts to a cogent argument that is supported with citations to authority. Ind. Appellate Rule 46(A)(8)(a).

form as an indication of his understanding of these rights. Thereafter, Mikeworth orally confirmed for the trial court that he understood his rights as contained in that advice of rights form. Furthermore, upon Mikeworth's indication that he wanted to plead guilty, the trial court asked no less than five questions pertaining to whether Mikeworth wished to seek an attorney or understood that he had the right to have an attorney appointed at the county's expense. Mikeworth made it very clear that he understood that he had the right to an attorney but that he "wouldn't want one" because he had already cost the county enough money, and he felt "bad" for his conduct and knew he had to "pay the consequences." (Tr. p. 4). Upon questioning, Mikeworth also specifically verified his understanding that he had the right to have the State prove the alleged charges beyond a reasonable doubt at trial; that he had the right to testify or not testify at trial; that he had the right to a public and speedy trial by jury; that he had the right to have subpoenas issued out of the clerk's office at no expense to him in order to have witnesses testify on his behalf; and that he would waive all of these rights by pleading guilty. Accordingly, between the written advice form and the trial court's questioning, it is evident that, pursuant to Indiana Code section 35-35-1-2(a)(2), Mikeworth was advised of and understood that his guilty plea would result in a waiver of certain constitutional rights.

[16] We also find no merit in Mikeworth's contention that he was not adequately advised of the elements of burglary or his possible maximum sentence pursuant to Indiana Code section 35-35-1-2(a)(1) & (3). When establishing a factual

basis for the burglary charge, the trial court read aloud from the Information, in which Count I charged that Mikeworth "did knowingly break and enter the structure of [the Weist Building] with intent to commit a [f]elony . . . therein, to wit: [a]rson and/or [t]heft." (Tr. p. 7). In response, Mikeworth stated that he "never did enter" the building. (Tr. p. 7). However, the trial court and the State explained to Mikeworth that the elements of breaking and entering could be established by breaking the window and inserting his hand inside to spill the accelerant on the floor. After receiving this information, Mikeworth confirmed that he wanted to plead guilty to burglary because he did go to the Weist Building, broke out the window, and spilled an accelerant inside. We find that Mikeworth was adequately apprised of the nature of the burglary charge against him as required by Indiana Code section 35-35-1-2(a)(1).

[17] As to the trial court's advisement regarding Mikeworth's possible sentence, we find that the written advice of rights form specifically informed Mikeworth that a Level 5 felony carries a possible sentence of one year to six years, and a Level 4 felony is punishable by a term of two years to twelve years. *See* I.C. §§ 35-50-2-5.5; -6. During the guilty plea hearing, the trial court orally reiterated these sentencing ranges to Mikeworth and verified that he understood the possible penalty for each of his four charges. The trial court then warned that "the absolute worst case scenario for you as a possible sentence would be all of those running potentially consecutive to each other meaning one after another." (Tr. p. 6). Mikeworth indicated that he understood the sentencing ramifications but nevertheless stated that it was his desire to plead guilty. Thus, we find that

Mikeworth was adequately informed of the possible maximum and minimum sentences and the possibility of the imposition of consecutive sentences in accordance with Indiana Code section 35-35-1-2(a)(3).

[18] As a final note, we find that it was well within the discretion of the trial court to discredit Mikeworth's statement that he "had been told by the police to forget about any defense" as this statement lacks any support in the record other than Mikeworth's own self-serving testimony. (Appellant's Br. pp. 14-15). We conclude that Mikeworth has failed to prove by a preponderance of the evidence that the withdrawal of his guilty plea was necessary to correct a manifest injustice, and he has not otherwise proven that the trial court abused its discretion by denying the motion. Accordingly, we decline to set aside Mikeworth's guilty plea and affirm his conviction for one Count of burglary as a Level 5 felony and three Counts of arson as Level 4 felonies.

## CONCLUSION

[19] Based on the foregoing, we conclude that the trial court acted within its discretion in denying Mikeworth's motion to withdraw his guilty plea.

[20] Affirmed.

[21] Crone, J. and Altice, J. concur