## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2018, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Joseph Dale Lewis
Elwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph Dale Lewis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 3, 2018

Court of Appeals Case No.
48A02-1706-CR-1349

Appeal from the Madison Circuit Court

The Honorable Carl Van Dorn, Senior Judge

Trial Court Cause Nos.
48C03-1509-F6-1489
48C03-1512-CM-2054
48C03-1603-F4-436
48C03-1608-CM-1702

**Darden, Senior Judge.**

# Statement of the Case

Joseph Dale Lewis appeals the trial court's denial of his request to withdraw his guilty plea in four cases. We affirm.

# Issue

Lewis raises one issue, which we restate as: whether the trial court erred in denying his request to withdraw his guilty plea.

# Facts and Procedural History

On September 14, 2015, in four counts, the State initiated Cause Number 48C03-1509-F6-1489 (F6-1489) by charging Lewis with battery of a police officer, a Level 6 felony; residential entry, a Level 6 felony; resisting law enforcement, a Class A misdemeanor; and disorderly conduct, a Class B misdemeanor.

On December 2, 2015, in one count, the State charged Lewis with theft, a Class A misdemeanor, in Cause Number 48C03-1512-CM-2054 (CM-2054).

On March 2, 2016, in four counts, the State initiated Cause Number 48C03-1603-F4-436 (F4-436) by charging Lewis with dealing in methamphetamine, a Level 4 felony; maintaining a common nuisance, a Level 6 felony; unlawful possession of a syringe, a Level 5 felony; and possession of paraphernalia, a Class C misdemeanor. The State later amended the charging information by reducing the charge of dealing in methamphetamine to a charge of possession

or use of a legend drug or precursor, a Level 6 felony; and by reducing the charge of unlawful possession of a syringe to a Level 6 felony.

[6] On August 23, 2016, in one count the State initiated Cause Number 48C03-1608-CM-1702 (CM-1702) by charging Lewis with the practice of law by a non-attorney, a Class B misdemeanor.

[7] All four cases were assigned to Senior Judge Carl VanDorn. Lewis, with counsel, and the State executed a plea agreement. Pursuant to the agreement, Lewis agreed to plead guilty to residential entry in F6-1489; and, to possession or use of a legend drug and maintaining a common nuisance in F4-436. He further agreed to plead guilty as charged in CM-1702, unlawful practice of law. In exchange, the State agreed to dismiss all of the other charges, including the theft charge in CM-2054.

[8] In addition, the parties set forth in their written agreement that Lewis could apply for entry into the Madison County Veteran's Court Program in lieu of serving an executed sentence, as follows:

> The sentence shall be open to the court with a cap of five (5) years on any executed time. Sentencing shall be stayed pending successful completion of the Madison County Veteran's Court Program. If Defendant is accepted into and successfully completes (graduates) from the Madison County Veteran's Court Program, the sentence shall be deemed served. If Defendant fails to successfully complete the Madison County Veteran's Court Program or is not accepted into the Madison County Veteran's Court Program, the stay is lifted and Defendant shall be referred back for sentencing. If, after disposition, the Defendant is deemed eligible for GPS monitoring and it is set-up prior to the

> completion of the Madison County Veteran's Court evaluation, he shall be released with GPS monitoring pending the outcome of the Madison County Veteran's Court evaluation. Defendant shall reside in Boone County while on GPS monitoring and while participating in Veteran's Court program unless modified by this Court or Veteran's Court after a hearing.

Appellant's App. Vol. II, p. 101. Lewis placed his initials by that paragraph.

[9] The agreement further provided: "[Lewis] additionally acknowledges satisfaction with defense counsel's representation and competency exhibited in this matter, and further acknowledges belief that this agreement is in the best interests of the defendant." *Id.* at 102-03. Finally, the agreement states, "This agreement embodies the entire agreement between the parties, and no promises have been made or inducements given to defendant by the State which are not set out herein." *Id.* at 103.

[10] On October 17, 2016, the parties appeared in court for a guilty plea hearing. The trial court asked Lewis if he had read the agreement and discussed it with his attorney before signing it, and Lewis acknowledged that he had read it and had conferred with counsel prior to signing. The trial court further read the agreement out loud to Lewis and asked him if he understood it. Lewis stated that he did. Next, the trial court asked him if he intended to enter a plea of guilty, and Lewis said he did. The trial court also asked Lewis if he had received any other promises to induce him to enter into the agreement and plead guilty, and Lewis said no. Lewis further denied that anyone had threatened him or placed him in fear to coerce him to plead guilty.

[11]  The trial court asked Lewis if he was satisfied with his attorney's representation, and he said he was. The court again asked him if he intended to plead guilty, and Lewis answered in the affirmative. At that point, Lewis' counsel read each charge to Lewis and questioned him about the factual circumstances of the charges, and Lewis stated he was guilty of each charge. After the hearing, the trial court concluded: "[Lewis] understands the nature of the charge to which he has pled guilty, understands the possible sentences and fines thereunder, the plea is accurate and there is a factual basis for [Lewis'] plea of guilty." *Id.* at 14.

[12]  The Madison County Veteran's Court evaluated Lewis for admission to the program and rejected his application. Next, upon Lewis' motion the trial court referred him to the Marion County Veteran's Court. The Marion County Veteran's Court also declined to accept him into their program.

[13]  On April 6, 2017, Lewis, acting pro se, filed a request to withdraw his guilty plea, captioned as a petition for post-conviction relief. His then-attorney of record withdrew, to be replaced by another attorney. On May 22, 2017, the trial court held an evidentiary hearing on Lewis' request to withdraw his guilty plea and denied it. On May 30, 2017, the trial court sentenced Lewis, and this appeal followed.

[14]  Lewis was initially represented by counsel in this appeal. After Lewis' counsel filed an Appellant's Brief and Appendix, Lewis tendered a pro se letter objecting to further representation by counsel of record. Consequently, his counsel filed a Motion to Withdraw, which this Court granted.

Next, Lewis filed a pro se Motion to Freeze Appeal. On February 22, 2018, this Court granted the motion in part and ordered Lewis to file a notice within thirty (30) days indicating whether he had obtained new counsel or intended to represent himself on appeal. Lewis failed to comply with that deadline. On May 2, 2018, over a month after the deadline elapsed, this Court issued an order stating that this appeal would be resolved based on the briefs of record.

# Discussion and Decision

Lewis argues the trial court should have permitted him to withdraw his guilty plea in the four cases, claiming he did not understand the plea agreement's terms and that he felt unduly pressured to execute the contract.

The statute that governs the withdrawal of guilty pleas provides, in relevant part:

> b) After entry of a plea of guilty, or guilty but mentally ill at the time of the crime, but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty or guilty but mentally ill at the time of the crime made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

* * * *

> (e) Upon any motion made under this section, the moving party has the burden of establishing his grounds for relief by a preponderance of the evidence. The order of the court upon a motion made under subsection (b) or (c) of this section shall constitute a final judgment from which the moving party or the state may appeal as otherwise provided by law.

Ind. Code § 35-35-1-4 (1983).

[18] Per Indiana Code section 35-35-1-4(b), a trial court is required to grant a request to withdraw a guilty plea only if the defendant proves that withdrawal is necessary to correct a manifest injustice. *McGraw v. State*, 938 N.E.2d 1218, 1220 (Ind. Ct. App. 2010), *trans. denied*. By contrast, a trial court must deny a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. *Id.* Except for those circumstances, disposition of the motion is within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Id.*

[19] A trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling. *Jeffries v. State*, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012) (quotation omitted), *trans. denied*. "In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered 'freely and knowingly.'" *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (quoting *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995)).

[20] The State argues Lewis waived this issue for appellate review because his pro se, handwritten request to withdraw his guilty plea was not verified, in violation of Indiana Code section 35-35-1-4. The State cites to numerous cases in support of its argument, but in each of those cases the defendants orally requested permission to withdraw their plea, and Indiana's appellate courts determined the lack of a written, verified petition resulted in waiver. *See, e.g.*, *Owens v. State*, 426 N.E.2d 372, 375 (Ind. 1981) (oral, unverified motion to withdraw waived right to appeal denial of motion). The State has not cited to any cases where the appellant filed a written, but unverified, motion, and this Court found waiver. Further, the State did not object in the trial court to the lack of verification in Lewis' request. Under the circumstances of this case, we decline to hold that Lewis' failure to include a verification in his written request resulted in waiver, and we turn to the merits of his claims.

[21] In *Gross v. State*, 22 N.E.3d 863, 865 (Ind. Ct. App. 2014), *trans. denied*, the State charged Gross with two counts of murder, and the parties negotiated a plea agreement. During a hearing on the plea agreement, Gross told the trial court he had reviewed the agreement with his counsel and understood it. He further discussed the circumstances of the murders and stated he was guilty. The trial court discussed possible sentences with Gross, who indicated he understood he might have to serve the sentences for the murder convictions consecutively. Finally, Gross indicated he was not threatened or coerced into pleading guilty, he was pleading guilty of his own free will, and he was satisfied with his attorney's work. The court accepted the plea agreement.

[22] Prior to sentencing, Gross filed a pro se motion to withdraw his guilty plea, claiming he did not fully understand the agreement due to mental health issues and had believed when he executed the agreement that he would serve his sentences concurrently. The court denied the motion after a hearing and imposed a sentence. On appeal, Gross continued to claim he did not understand the sentencing issues. The State responded that Gross' claims were inconsistent with the record from the guilty plea hearing and that allowing Gross to withdraw his plea would prejudice the State.

[23] A panel of this Court reviewed the guilty plea hearing and concluded Gross failed to "overcome the presumption of validity accorded the trial court's denial of his motion to withdraw his guilty pleas." *Id.* at 869. Gross' guilty plea was made freely and voluntarily, as shown by thorough questioning by the trial court, and there was no abuse of discretion or manifest injustice. *Id.*

[24] In Lewis' case, he claims withdrawal of his plea is necessary to correct a manifest injustice. First, he claims he did not understand that the veteran's court could reject his application, which would result in him receiving an executed sentence. This argument is contradicted by the plain language of the plea agreement, which explained that admission to the veteran's court program was not guaranteed. *See* Appellant's App. Vol. II, p. 101 ("If Defendant fails to successfully complete the Madison County Veteran's Court Program or *is not accepted* into the Madison County Veteran's Court Program . . . .") (emphasis added). In addition, during the guilty plea hearing, Lewis told the trial court he had read the agreement and understood its terms. The trial court read aloud the

agreement to him, and Lewis again stated he understood it. Further, Lewis' attorney had told Lewis that the veteran's court could reject him if it did not appear "under their procedures" that he could "receive help from the Veterans Court." Tr. Vol. I, p. 47. As was the case in *Gross*, Lewis' post-hearing attempt to claim lack of understanding of the agreement does not establish a manifest injustice. He received exactly what he bargained for as written in the plea agreement – the chance or opportunity to apply for the veteran's court program.

[25] Second, Lewis claims he felt unduly pressured to accept the plea agreement because: (1) he claims he learned on the day of the guilty plea hearing, which was three days prior to the scheduled trial, that the charges to which he was pleading guilty would not be dismissed even if he was accepted into the veteran's court program and successfully completed it; (2) Lewis' attorney had canceled several depositions that Lewis believed were necessary to prepare for trial, and Lewis did not want to further delay the trial; and (3) he had been in jail for several months and was eager to get out.

[26] During the guilty plea hearing, the trial court and Lewis discussed his rights in detail. Lewis told the trial court he understood that he had the right to a speedy trial and that he had the right to cross-examine witnesses. He further told the trial court he was entering into the agreement voluntarily and of his own free will and that he had received no other promises or inducements beyond what was in the plea agreement. Lewis did not state or indicate that he felt pressure about the trial date, depositions or his continued incarceration, nor did he express dissatisfaction with the terms of the agreement. Thus, Lewis' self-

serving allegations of manifest injustice are rebutted by verified evidence in the record. *See Milian v. State*, 994 N.E.2d 342, 348 (Ind. Ct. App. 2013) (appellant failed to demonstrate manifest injustice; appellant argued he was not fully informed of the plea agreement's terms until the day of the hearing, but record demonstrated appellant fully understood the agreement, including the charges to which he pleaded guilty), *trans. denied*.

[27] Finally, Lewis claims, and testified at the hearing on his request to withdraw his guilty plea, that after the guilty plea hearing he reviewed a previously-unavailable piece of evidence from one of his four cases and, based on that evidence, changed his mind about pleading guilty. Lewis' testimony about the evidence, a recording, was contradicted by testimony from one of his prior attorneys, who explained that another prior attorney had received and played the recording for Lewis before the scheduled trial date and that Lewis was aware of the contents of the recording at the time he pleaded guilty. Further, during the guilty plea hearing Lewis told the trial court he understood the charges against him and was in fact guilty of the offenses to which he had pleaded guilty. We cannot conclude Lewis' allegations about a previously unavailable recording give rise to a manifest injustice or abuse of discretion that should have required the trial court to allow Lewis to withdraw his guilty plea. *See id.* The trial court did not err in denying Lewis' request to withdraw his guilty plea.

# Conclusion

[28] For the reasons stated above, we affirm the judgment of the trial court.

[29] Affirmed.

May, J., and Altice, J., concur.